JOHN S. ANDREWS, Administrator of ELIZABETH ANDREWS, Deceased, *vs.* F. E. PRITCHETT, *et al.*

In all actions under the C. C. P., where legal rights are involved, and issues of fact are joined by the pleadings, the plaintiff is entitled to a trial by jury; and cannot be deprived of this right, except by his consent.

*Hatchell* v. *Odom*, 2 D & B, 302, cited and approved.

This was a civil action, tried before Clarke, Judge, at Fall Term 1871, of Jones Superior Court.

The plaintiff, in his his complaint alleged, that the defendants were indebted to his intestate in the sum of three hundred and ninety one dollars due by note.

The defendants in their answer, denied the allegations of the plaintiff, and set up counter claims against one Thomas Wilcox, the original payee of said note, and alleged that said former payee agreed to allow the counter claims of debts against the note he then held against defendant.

At the trial term of the Court, when this cause was called, and before empanelling a jury, the defendant's counsel moved to non-suit the plaintiff, because the plaintiff did not show any assignment to plaintiff's intestate by the payee of the note, which was the subject matter of the action.

The Court being of opinion with the defendant's counsel, ordered judgment of non-suit to be entered, from which the the plaintiff appealed.

*Battle & Sons* for the plaintiff.
*J. H. Haughton* for defendants.

DICK, J. This is an action for the recovery of money, and defendants filed their answer controverting the allegations of the plaintiff. Thus issues of fact were joined by the pleadings,

and the plaintiff was entitled to have those issues submitted to a jury. C. C. P., sec. 224.

If any of the causes of demurrer, specified in C. C. P., sec. 95, were apparent on the face of the complaint, the defendants might have demurred, and thus raised issues of law which would have been properly determined by His Honor.

It appears from the record that the issues of facts in the case were not submitted to a jury, but the "case coming on to be heard upon the pleadings, judgment of non-suit was entered against the plaintiff."

In this there was error, as the plaintiff's right to a trial by jury was absolute, and not denied by the Court. In most cases a judgment of non-suit can only be entered by the consent of plaintiff, and occurs when the plaintiff withdraws himself from the suit, and is not present in Court on a day when he is demandable, because he is satisfied that he cannot then support his case, or when he submits to a non-suit upon the judge, intimating an opinion that the action is not maintainable. 2 Tidd, 869. 1 Saunders R, 195; note F, *Hatchell. v. Odom*, 2 Dev. & B, 302.

The right of trial by jury is derived from the common law, and is guaranteed by the Constitution of the State. The former practice in courts of law upon this subject has not been materially changed by the C. C. P.

In all actions where legal rights are involved, and issues of fact are joined by the pleadings, the plaintiff is entitled to a trial by jury, and cannot be deprived of this right by the ruling of His Honor.

As the plaintiff in this case was deprived of this right by the ruling of His Honor, there must be a *venire de novo.*

PER CURIAM.　　　　　　　　　　　　*Venire de novo.*