HAHN v. BRINSON.

(Filed September 22, 1903.)

JUDGMENTS — *Superior Court* — *Supreme Court* — *Rules of Supreme Court* — *Rule 39* — *The Code, secs. 416, 417* — *Motion Docket* — *Waiver*—*Trial.*

> The waiver of a jury trial by consent, or that judgment may be entered out of term, must be in writing, filed with the papers in the case, or by oral consent entered on the minute docket of the court.

ACTION by M. Hahn, administrator, against D. H. Brinson and others, heard by Judge *Garland S. Ferguson,* at April Term, 1903, of the Superior Court of PAMLICO County.

From a refusal to set aside a judgment the defendants appealed.

*Simmons & Ward,* for the plaintiff.
*D. L. Ward,* for the defendants.

WALKER, J.   This is a motion to set aside a judgment. The plaintiff brought the action to recover the possession of a tract of land described in the pleadings.   On the first day of December, 1901, the Judge who presided at the Fall Term, 1901, of Pamlico Superior Court rendered a judgment in the case out of term, which was afterwards filed in the Clerk's office and in which is this recital: "A jury trial is waived and, by consent, the Court allowed to find the facts." There was no written waiver of the right to a trial by jury, in person or by attorney, filed with the Clerk, and no oral waiver was entered in the minutes.   The defendants, Whaley, Philpot and Brinson, moved in the Court below to set aside the judgment upon the ground, as stated in the affidavits of their counsel filed by them, that they had not consented to waive a

jury trial, nor had they consented that judgment should be rendered out of term. The plaintiff filed an affidavit of his attorney, in which it was alleged that the defendants had agreed to waive a jury trial and had also agreed that the Judge should render the judgment out of term.

It is provided by The Code that a jury trial may be waived by written consent, in person or by attorney, filed with the Clerk, or by oral consent entered in the minutes, and that when a jury trial is thus waived the decision of the Judge shall be filed with the Clerk during the term of the Court at which the trial takes place. The Code, secs. 416 and 417. It has often been held that this Court will not undertake to pass upon conflicting affidavits of parties or counsel in order to determine whether an agreement to waive compliance with the provisions of The Code and the rules of practice has been made, unless the terms of the agreement can be shown without considering the affidavits of the party who alleges that there was such a waiver. *Scroggs v. Alexander,* 88 N. C., 64; Clark's Code (3d Ed.), pp. 725, 932. Not only has it been so decided, but it has been a rule of this Court for many years that no agreement of counsel in any case will be recognized or enforced "unless the same shall appear in the record or in writing filed in the cause." 128 N. C., 645, Rule 39.

The section of The Code in regard to the waiver of a jury trial and the rule of this Court as to agreements by counsel are substantially the same and have received the same construction, and they will always be strictly enforced. This is a Court for the correction of errors and not for the decision of disputed questions of fact arising in the Court below as to agreements of counsel. *Hemphill v. Morrison,* 112 N. C., 756. In the case of *Sondley v. Asheville,* 112 N. C., 694, this Court said: "It is to be hoped that hereafter counsel will in every instance put their agreements in writing or have them entered of record, when for any reason they may think

best to depart from the plain provisions of the statute. If they do not care to do this, the Courts will not pass upon the controversy as to the terms or existence of such agreement." *Graham v. Edwards,* 114 N. C., 228. In this case there is unfortunately a difference in the recollection of counsel as to what was agreed at the trial of the case, and their affidavits, therefore, are conflicting. We cannot consider these affidavits, under the well-settled principle we have just laid down, and as the requirements of The Code and of the rule of this Court have not been complied with, we must hold that there was no agreement to waive a jury trial and consequently no consent to the rendition of judgment out of term, because there is no legal evidence of the same.

The defendants' counsel insisted in this Court that Rule 39 was not applicable to this case, as the agreement was made with the Judge and not between the counsel. We do not agree with counsel as to this; but if he is right, the provision of The Code requiring a writing or an entry in the minutes in order to show a waiver is surely applicable.

The Court below committed no error in refusing to pass upon the affidavits, but there was error in not setting aside the judgment, and for this reason the judgment is reversed. The judgment rendered as of Fall Term, 1901, will be set aside and a new trial awarded.

Judgment reversed.