J. M. HOCKODAY v. C. M. LAWRENCE AND G. T. SIKES, EXECUTORS.

(Filed 18 October, 1911.)

1. **Trial by Jury—Waiver—Interpretation of Statute.**
    The three methods prescribed by statute by which a jury trial may be waived, *i. e.*, by failure to appear at the trial, by written consent filed with the clerk, by oral consent entered in the minutes, are the only ones by which it can be done. Revisal, sec. 540.

2. **Appeal and Error—Costs—Discretion of Lower Court.**
    Items of cost, as they arise in an action, are in no legal sense the subject of litigation, and are only incidental in the progress of the cause; and the parties are not entitled to a trial by jury on questions raised in regard thereto.

3. **Same—Issues—Pleadings Insufficient.**
    A next friend for a grantor in a deed having been appointed on the ground that the grantor was *non compos mentis*, he instituted an action against the grantee to set aside the deed and restrain him from cutting the timber thereunder. A guardian was appointed for the grantor after the institution of the action, who was made a party thereto, but took no active part therein. The restraining order was issued and was continued to the hearing. After the death of the grantor, his executors were made parties defendant and filed an answer saying "that in their opinion the action was not for the best interest of the parties." The restraining order was dissolved and defendants taxed with costs: *Held,* the defendants' answer did not raise any issue of fact, in the absence of allegation of bad faith or mismanagement of the next friend who had instituted the action.

PETITION to rehear on appeal from *Lyon, J.,* at November Term, 1911, of GRANVILLE.

This case was decided at the last term, and is now before the Court upon a petition to rehear.

The following facts appear in the record: In February, 1907, W. N. Fuller filed an application before the Clerk of the Superior Court of Granville County for the appointment of a next friend for James M. Hockoday, who had been found by a jury to be *non compos mentis,* and on the same day H. C. Hockoday was appointed such next friend, and instituted this action for the purpose of setting aside certain deeds executed by the said James M. Hockoday to the defendant, which purported to convey the timber on certain lands, and also to restrain the defendant from cutting said timber.

A restraining order was issued in the action, and after notice, and upon a full hearing, the same was continued to the hearing. After the institution of the action, a guardian was appointed for the said James M. Hockoday, who was made a party, but who took no active part in the prosecution of the action.

In 1908 or 1909, James M. Hockoday died, leaving a will, and his executor and devisees were made parties to the action by order of court, and they filed answers in which they say "that in their opinion the above-entitled action is not for the best interest of the estate of J. M. Hockoday, and should not be prosecuted further."

A caveat was filed to said will, upon the ground that the testator did not have sufficient mental capacity to make a will, and the will was sustained.

At April Term, 1910, of the Superior Court an order was entered in the action, dissolving the restraining order, and thereupon an arbitration was entered into between the defendant and the sureties on the prosecution bond, and an award was rendered in favor of the defendant for $82, which was paid.

The cause again came on for hearing at November Term, 1910, of said court. Both parties tendered judgment, the principal difference between them being as to costs, the defendant

asking that judgment for costs be rendered against the next friend and the sureties on the prosecution bond, and the sureties asking that it be rendered against the executor of James M. Hockoday.

His Honor found as a fact that the action was instituted for the benefit of the estate of said Hockoday, and taxed the costs against the executor, and the executor excepted and appealed.

*A. A. Hicks and T. T. Hicks for plaintiff.*
*Graham & Devin for defendant.*

ALLEN, J. The executor insists that he raised an issue of fact in his answer by alleging "that he is of opinion that this action is not for the best interest of the estate of James M. Hockoday, and should not be prosecuted further, but should be dismissed at the cost of plaintiff and the surety on his prosecution bond," and that as he has not waived the right in the mode prescribed by statute, he is entitled to have this issue passed on by a jury.

It is true, as contended by the defendant, that Revisal, sec. 540, prescribes only three ways in which a trial by jury may be waived: (1) By failing to appear at the trial; (2) by written consent filed with the clerk; (3) by oral consent entered in the minutes; and that there is no such waiver on this record.

The statute was construed to exclude other modes of waiver in *Hahn v. Brinson,* 133 N. C., 8.

If, therefore, an issue of fact is raised by the answer, the defendant is entitled to a reversal of the judgment.

In our opinion, no issue is raised, and the former judgment of this Court should stand.

Items of cost, as they arise in an action, are in no legal sense the subject of the litigation, and arise only incidentally in the progress of the cause. As was said in *Martin v. Sloan,* 69 N. C., 128, if parties, at the beginning of a suit, were to admit that they had no rights involved, but wished to see which could make the other pay the costs, the courts would refuse to hear them.

156—21

, The different sections of The Code in reference to costs clearly contemplate the action of the judge, and recognize his power to pass upon the questions that may arise in determining who is chargeable.

"Costs may be allowed or not, in the discretion of the court." Revisal, sec. 1267. "Costs shall be taxed." Section 1268, etc.

If, however, the rule was otherwise, the defendant has not raised an issue in the answer, because he has failed to allege bad faith or mismanagement on the part of the next friend, who is not in the ordinary sense a party to the action. *Tate v. Mott,* 96 N. C., 19; *Smith v. Smith,* 108 N. C., 369.

In the last case *Justice Clark* uses language appropriate to this case. He says: "It is to be presumed that the order of the court appointing next friends was made regularly, after due inquiry, and in the interest of Larkin Smith. He is the party plaintiff, in fact and in law, and appeared by next friends, who merely represented him, under the authority and appointment of the court. The Code, sec. 180. It is contended, however, that though not strictly parties to the action, the next friends in the case at bar, in resisting the motion to discharge them, were in fact (virtually found by the verdict of the jury) resisting the will of Larkin Smith, a person of full age and competent to appear for himself; that such next friends officiously and unnecessarily caused themselves to 'be appointed, and that they, and not Larkin Smith, should pay the costs incurred by their false clamor. There is some force in this suggestion. While 'next friends' may not be embraced in the strict letter of The Code, sec. 535, they come within the purview of that section. It was held error to tax trustees of an express trust who are parties to an action with the costs, unless the court had adjudged that they were guilty of 'mismanagement or bad faith in such action.' *Smith v. King,* 107 N. C., 273. *A fortiori* it is error to tax 'next friends' who are not parties, without at least a similar finding. This is not alleged here in the answer or found by the court. Indeed, the presumption, by virtue of their appointment by the court, is that

they acted in good faith, and they cannot be liable to costs unless there is an express finding against them of the facts requisite to tax them with costs."

The allegation in the answer, that in the opinion of the executor it is not for the best interest of the estate to further prosecute the action, falls far short of an allegation of bad faith or mismanagement.

We find no error, and the petition is dismissed.

Petition dismissed.