M. E. COZAD v. F. S. JOHNSON, TRUSTEE.

(Filed 31 May, 1916.)

**1. Judgments—Chambers—Issues of Fact—Agreement of Parties.**

 A judgment rendered by the court, without a jury, upon issuable facts raised by the pleadings, in the absence of consent of the parties, invades the province of the jury, and is not conclusive; but where such facts are found to be in favor of plaintiff appellant, in accordance with the allegations of the complaint, the objection is not open to him on appeal.

**2. Contracts—Options on Lands—Specific Performance.**

 The purchaser of an option on land who in accordance with its terms tenders to the owner of the land the purchase price agreed upon, within the specified time, may maintain his action for specific performance of his contract, upon refusal of the owner to make the contemplated conveyance, and his demand will be enforced if his option is a legally valid one.

**3. Trusts—Trustees—Courts—Delegation of Powers.**

A trustee appointed by the court to sell lands for the benefit of the creditors of the judgment debtor, or other beneficiaries, except by order of court or unless otherwise provided by the instrument under which he acts, may not grant an option on the land subject to the trust, to another, for a protracted and indeterminate period; for his selection as a trustee implies some measure of confidence in his judgment and discretion in the performance of the duties imposed on him at the time of sale, which he is not permitted to refer to another.

**4. Same—Options on Land—Protracted Litigation—Benefits—Liens.**

A trustee appointed by the court to sell the lands of a judgment creditor is not, by the sole virtue of his appointment and without express authority in the order thereof, empowered to grant an option thereon upon condition that the optionee, at his own expense, bring suit to remove a cloud upon the title of the lands, and, if successful, pay the agreed price within sixty days from the final termination of the suit; but where the optionee, in accordance with the terms of his agreement, has incurred the costs of successful litigation, beneficial to the trust estate, he is entitled to recover such costs, with reasonable attorneys' fees, and the same will constitute a prior lien upon the proceeds of the sale of the land, which must thereafter be made by the trustee and administered in accordance with the authority conferred upon him. As to whether the trustee could give an option on the lands for a short and definite period, with the view of promoting a present and advantageous sale, *quære*.

APPEAL by defendant from *Ferguson, J.,* at September Term, 1915, of GRAHAM.

This was a civil action to enforce specific performance of an agreement to purchase a body of land, and plaintiff's right to the relief sought is based upon two options, one given by Jacob S. Burnett, defendant's predecessor in office, to R. W. Burnett, in terms as follows:

Agreement made this 12th day of June, A. D. 1909, by and between Jacob S. Burnett, as trustee of the Tuckaseegee Mining Company, hereinafter called the grantor, and Robert W. Burnett, of Franklin, N. C., hereinafter called the grantee, witnesseth:

. That whereas said grantor was by decree of the Superior Court of Graham County, North Carolina, at December Term, A. D. 1900, appointed trustee of said the Tuckaseegee Mining Company, with full power to hold the title to the lands of said company, and to sell the same for the purpose named in said trust:

Now, therefore, be it known that the said grantor, as trustee as aforesaid, in consideration of one dollar ($1) to him paid by said grantee, the receipt whereof is hereby acknowledged, and for other valuable considerations, does hereby grant unto said grantee the option to purchase, at the price of not less than $2 per acre, the lands of said Tuckaseegee Mining Company which are situate in Graham County, North Carolina; said price to be net to said grantor over all charges and expenses.

Said option hereby granted to extend for one year from the date hereof, and, in case legal proceedings should arise in carrying out this option, the time of the option may be extended sixty (60) days after the conclusion of such proceedings; but no part of any legal costs or expenses thereby incurred is to be paid by the grantor. And in case of such legal proceedings arising, said grantor agrees to prosecute them without delay and conclude them in the least possible time.

In witness whereof the said parties have hereunto, and to a duplicate hereof, set their hands on the day and year first above stated.

> JACOB S. BURNETT,
> *Trustee of the Tuckaseegee Mining Co.*
> ROBERT W. BURNETT.

The second, by which said R. W. Burnett professed to assign the option to plaintiff, as follows:

"This agreement, made and entered into on this the 4th day of October, 1909, by and between Robert W. Burnett of the town of Franklin in said county and State, party of the first part, and M. E. Cozad of Cherokee County in said State, party of the second part, witnesseth: that

"Whereas Jacob S. Burnett, trustee of Tuckaseegee Mining Company, on the 12th day of June, 1909, entered into a certain agreement with the said Robert W. Burnett, party of the first part herein, by which agreement said Jacob S. Burnett, trustee, agreed to sell to the said Robert W. Burnett all those certain lands in Graham County, North Carolina, mentioned and described in a certain decree heretofore entered in an action pending in the Superior Court of said Graham County, in which the Tuckaseegee Mining Company was plaintiff and Willis F. Goodhue *et al.* were defendants, by which said decree said Jacob S. Burnett was named as a trustee for the lands mentioned and described in said decree for the purpose of holding title thereto and selling and disposing of the same for the purpose in said decree fully set out; and

"Whereas it is provided in said agreement between the said Jacob S. Burnett, trustee, and the said Robert W. Burnett that the said Robert W. Burnett should have the right to purchase said lands within one year from the date of said agreement, and, in case legal proceedings should arise in regard to said lands, that said right to purchase should be extended to a period of sixty (60) days after the conclusion of such legal proceedings; and

"Whereas legal proceedings were necessary for the protection of the title of said Jacob S. Burnett, trustee, and a summons was duly issued by him as such trustee as on the 28th day of October, 1909, against one H. B. Whilden, for the purpose of having set aside certain deeds and conveyances under and by virtue of which said Whilden claims title to

said lands, which said suit is now pending in the Superior Court of Graham County:

"Now, therefore, it·is agreed by and between said Robert W. Burnett, party of the first part, that in consideration of ten dollars ($10) to him in hand paid by the party of the second part, the receipt of which is hereby acknowledged, and for other valuable considerations, that the said party of the first part does give and grant unto the party of the second part the exclusive right or option to purchase said lands mentioned and described in said decree in the case of the *Tuckaseegee Mining Company v. Willis F. Goodhue et al.* and lying in Graham County, North Carolina, at the price of not less than four dollars ($4) per acre, said price to be net to said party of the first part over and above all charges and expenses incurred relative to the purchase of said lands or securing title thereto ; and upon the payment of said price for said lands the said party of the first part agrees and binds himself to execute to the party of the second part, in fee simple, good and sufficient deeds for said lands.

"It is further agreed, however, that this contract shall extend only for a period of one year from the date thereof :

*"Provided, however,* that if said litigation now pending in Graham County instituted by said Jacob S. Burnett, trustee, v. H. B. Whilden or any other necessary legal proceedings shall not have been finally determined within said period of one year, then the said party of the second part shall have the right and option to purchase said land upon the terms herein named within a period of sixty (60) days from and after the conclusion of said suit or legal proceedings, and the said party of the first part agrees to convey the same within said period upon the tender of payment of the purchase money herein provided for.

"In witness whereof said parties have hereunto set their hands and seals this the day and year first above mentioned."

And the relevant facts relative to the plaintiff's rights to enforce the same are to a large extent embodied in his Honor's judgment, as follows :

This. case coming on to be heard before his Honor, G. S. Ferguson, judge of the Twentieth Judicial District, and it appearing to the court that to the lands mentioned and described in the complaint under and by virtue of a certain judgment or decree made and entered in the case of Tuckaseegee Mining Company against the Goodhues and others at Fall Term, 1909, of the Superior Court of Graham County vested the title to said lands to Jacob S. Burnett in trust to sell and with power and authority to sell the same at public or private sale, as he might deem best, and to convey to the purchaser or purchasers and out of the proceeds to pay the debts of said Tuckaseegee Mining Company, whether

COZAD v. JOHNSON.

said debts accrued became due or were incurred before or after said suit was begun, and to divide the surplus between the stockholders; and it further appearing to the court that on 12 June, 1909, the said Jacob S. Burnett, trustee, as aforesaid, agreed to sell and granted unto R. W. Burnett the exclusive right to purchase said lands at the price of two dollars ($2) per acre, said price to be net to said grantor over all charges and expenses, the said R. W. Burnett to prosecute any and all legal proceedings at his own cost and expense; and it further appearing that on 17 June, 1909, the said R. W. Burnett, acting under said contract of 12 June, 1909, entered into a further contract or agreement with one M. E. Cozad under and by virtue of which the said Cozad was granted the exclusive right or option to purchase said land at four dollars ($4) per acre, said $4 per acre to be the net price to be received for said lands, it being further agreed that the said Cozad should bear all the expense of investigation of titles, surveying, or any other expenses, and should prosecute in any and all necessary litigation to declare the title thereto.

And it further appearing that at the time last mentioned contracts were made, and for several years prior thereto one H. B. Whilden had been claiming said lands adversely to the trustee, and that said Whilden claimed to be the owner in fee simple of said lands under and by virtue of a deed from one A. M. Frye, said Frye claiming under an execution sale and deed pursuant thereto; and said Whilden also claimed to be the owner under a tax deed made to him by the sheriff of Graham County; and it further appearing that the said Cozad accepted the terms of the said contract hereinbefore mentioned, immediately thereafter, at his own cost and expense, began a suit against said Whilden in the Superior Court of said Graham County for the purpose of clearing the title to said lands which were so claimed by said Whilden and which rendered the titles such that a sale by said trustee was impossible, and that said litigation was prosecuted diligently by said Cozad at great cost and through a number of years both in the Superior Court of Graham County and in the Supreme Court of North Carolina, and resulted in a decree declaring that said title so claimed by said Whilden was invalid and that the said trustee's title was good and sufficient for the purposes of said trust; and it further appearing that the said Jacob S. Burnett died about the year 1911 and the defendant Fred S. Johnson was substituted by order of court in his place and stead; and it further appearing that after the determination of said suit against said Whilden in the Superior Court and within the time mentioned in said contracts, to wit, within less than sixty days, said Cozad tendered and offered to pay said defendant Johnson, trustee, for said lands at the price of $4 per acre, but that said trustee refused to accept [except] the same and

41—171

execute a deed to the said Cozad.   It is now ordered that upon the pay-
ment by the said M. E. Cozad or his assigns to the said Johnson, trustee,
of the sum of $4 per acre, that the said trustee is hereby ordered, di-
rected, and instructed to carry out and perform said contracts of 12 and
17 June, 1909, and to convey said lands in fee simple to said Cozad or
such person as he may designate, and to hold the funds received there-
from for the purpose and to be distributed in the manner mentioned
and designated in said decree of 1900.   It is further ordered that said
H. B. Whilden is allowed to come in if he is so advised and make him-
self a party for the purpose of claiming the proceeds of said sale or
such part thereof as may be left after the payment of all indebtedness
and for the purpose of setting up such rights as he may claim as one
of the beneficiaries in said trust.   And it is further ordered that Robert
W. Burnett be made a party to this suit and that a summons issue by
the court to him to come in and show to the court such right as he may
have or claim in the proceeds received from the sale and conveyance of
said lands as herein decreed.                     G. S. FERGUSON,
                                                      *Judge Presiding.*

From this judgment defendant, having duly excepted, appealed.

*No counsel for plaintiff.*
*Bryson & Black and Gilmer & Gilmer for defendant.*

HOKE, J., after stating the case:   There is doubt if the issuable facts
in this case have been authoritatively determined.   We find nowhere in
the record as now presented any consent of parties that the court should
try the cause, and unless this is made to appear, and in the way pre-
scribed by statute, the issues raised by the pleadings, under our Consti-
tution and system of procedure, must be decided by the jury.   *Hockoday
v. Lawrence,* 156 N. C., 319; *Hahn v. Brinson,* 133 N. C., 8; *Wilson v.
Bynum,* 92 N. C., 718.   The objection suggested, however, is not open
to plaintiff, as the court has found the issuable and controlling facts to
be as they are alleged by him in his complaint, and, considering the
cause in that aspect, our decisions hold that the instrument on which
plaintiff bases his cause of action is an option, properly exercisable by
payment or tender of the purchase price within the specified time, and
that, in case of a valid and binding agreement, the remedy by specific
performance is a recognized mode of relief.   *Ward v. Albertson,* 165
N. C., 218; *Winders v. Kenan,* 161 N. C., 628.

But, pretermitting the question whether the option is not void by
reason of indefiniteness as to the price to be paid, authority here and
elsewhere is to the effect further that a trustee with power of sale for
the benefit of creditors or other beneficiaries, except by order of court
or unless otherwise provided by the instrument under which he acts,

may not grant an option for a protracted and indeterminate period and thereby deprive himself of the right in the meantime to do what the best interest of the estate may require. His selection for the position imports, or should import, some measure of confidence in his judgment and discretion, and in the proper performance of his duty he should keep himself in a position to exercise this judgment and discretion at the time the sale is made, and not by these unilateral contracts extend a proposition of that kind into the indefinite future and refer its decision to another, that is, the holder of the option. This was held with us in the case of executors with power of sale in *Trogden v. Williams,* 144 N. C., 192, and the position is recognized as sound in other cases. *In re Armory Board,* 60 N. Y. Supp., p. 882; *Oceanic Steam Navigation Co. v. Sutherberry,* 16 Chan. Div., 236, L. R., 1880-81; *Clay v. Rufford,* 5 DeG. and Sm., 768, English Reprints, vol. 64, pp. 1337 and 1342. These cases referred to with approval in 1 Lewin on Trusts, p. 426; 2 Perry on Trusts, sec. 764.

In Lewin on Trusts the author succinctly states the position and the reason for it as follows:

"And executors and administrators, equally with trustees, cannot bind the trust estate by a proviso in a lease that the lessee shall during the term have an option of purchasing the property at a fixed price, for it is the duty of trustees to exercise their discretion at the time of sale as to whether the terms are, in the circumstances as then existing, beneficial to the *cestuis que trustent"*; and the same principle is stated by *Vice Chancellor Parker* in *Clay v. Rufford* as follows: "In my opinion, such a contract cannot be entered into by the managing body under the powers contained in this deed. The deed contains a simple trust of sale, and I take it to be too clear for argument that the trustee cannot enter into a contract of this kind, binding those who succeed him in the trust to sell at a future time at a price now fixed, without exercising any judgment whether the thing is beneficial or not at the time," meaning the time of sale.

It may be that an option given for a short and definite period according to customary methods and with a view of promoting in effect a present and advantageous sale would not necessarily be disapproved, but, under the principles just stated, these instruments, under which plaintiff claims the right to enforce specific performance, given by a former trustee and professing to bind him to make sale of the property at the election of the obligee at the termination of an uncertain and protracted litigation, extending, as a matter of fact, from 1909 to 1915, may not be upheld against him as trustee or his successor in office, the present defendant. On the facts, therefore, as alleged in plaintiff's complaint and found by his Honor to be true, there should have been judgment denying the special relief as sought by plaintiff. While we are of

opinion that these alleged options are not binding agreements, we must not be understood as holding that the plaintiff is to lose the sums he has expended in ascertaining the amount of land, etc., and in the litigation required to clear the title, including reasonable attorney's fees, paid to this end. These outlays may not be recovered under the contract. In fact, there is express stipulation therein that they are to be borne by plaintiff. But, as reasonable and necessary expenditures in the care of the trust estate and in furtherance of its interest, they may be reimbursed to plaintiff and allowed as valid vouchers in the proper administration of the trust.

This opinion will be certified, that judgment may be entered declaring the options to be invalid; that the advancements made by plaintiff in the interest of the estate, including the cost of litigation adjudged against the trustee by any competent court, and also reasonable attorney's fees paid or due by plaintiff in furtherance of litigation, shall be ascertained and the same declared a valid charge against the trust estate, to be paid before distribution had among creditors and claimants. That the present trustee proceed to sell the property at public or private sale, as may be for the best interest of the estate and of the beneficiaries, and shall apply the proceeds to the reimbursement of plaintiff of the amount shown to be due him, including the cost of the present proceedings down to the time of entering this decree below, and shall make disposition of the remainder as directed and required by the terms of the decree under which he holds the property.

The cause will be retained and proceeded with in the court below in accordance with this opinion and until the trust estate has been finally administered.

Reversed.