C. A. BARBEE v. GEORGE T. PENNY ET ALS.

(Filed 21 November, 1917.)

1. **Appeal and Error — Motions — Judgments — Pleadings — Objections and Exceptions.**

Exception should be noted to the refusal of the trial judge to grant a motion for judgment upon the pleadings and reserved for final judgment and appeal, and an appeal does not presently lie.

2. **Wills—Donee of Power—Excess of Power—Contracts—Assent of Cestui Que Trust—Expenditures—Account—Compensation.**

A power in a will given the executors to sell off a tract of land, dividing it into smaller lots, etc., does not authorize the executors to enter into contract with real estate dealers to lay off land into streets and lots, nor will authority likewise conferred by the other beneficiaries permit the executors to exceed the power given them in the will; but where the land company has expended money to lay off the land into streets and lots, with expenditure of money enhancing the value of the whole, under the contract with the executors, with the approval of some of the beneficiaries, in an action brought by the latter, in which the others are subsequently joined, all being of full age, the land company is entitled to just compensation upon account taken.

3. **Trusts and Trustees—Excess of Powers—Parties—Statutes—Cestui Que Trustents.**

Where the question involved in the controversy is whether the trustee of an express trust has exceeded his authority, it is necessary to join the *cestuis que trustent* in the action, and Revisal, sec. 404, has no application.

4. **Pleadings—Several Defendants—Admissions as to Some—Trials.**

Where some of the *cestuis que trustents* have acquiesced in a contract made by the donees of a power under a will, and thereafter they bring action to set the transaction aside, on the ground that the power had been exceeded, in which the other *cestuis que trustents* are afterwards made parties defendant and admit the allegations of the complaint: *Held*, the admissions made by the defendants, *cestuis que trustents*, do not bind their codefendant, and the latter are entitled to have the jury pass upon the issues raised by them.

APPEAL by plaintiffs from *Long, J.,* at April Term, 1917, of GUILFORD.

*Brooks, Sapp & Kelly for plaintiffs.*
*King & Kimball for defendants.*

CLARK, C. J. This case was before the Court, *Barbee v. Penny,* 172 N. C., 653, when the case was remanded to make additional parties. The new parties, who are cobeneficiaries with the original parties under the will of Mrs. Barbee, filed an answer admitting all the allegations in the complaint. A motion was thereupon made for judgment upon the pleadings, which was denied, and the plaintiffs were taxed with the costs, from which this appeal is taken.

The testatrix named three of her sons as executors, with directions to lay off a certain 150-acre tract into lots, of such size as they should deem best, for sale, with provision that any of her children could purchase before the sale, in accordance with a specified method of valuation, the purchase price to be charged against each child so buying in settlement of his distributive share, and with further directions that her children should have a voice in the management of the estate, the majority to decide. It was held on the former appeal that the executors were given the naked power of sale, with the legal title in all the heirs, subject to be divested upon proper execution of the power, and that when the executors have entered into an agreement for the sale of the lands at a price named, with a specified rate of commission, and they brought this suit to set aside such contract, alleging lack of power, on the demand of the other heirs at law for cancellation it was held that the other children of the testatrix, the beneficiaries of the trust, are necessary parties, and the case was remanded in order that they should be joined, it being held that Revisal, 404, providing that a trustee of an express trust may sue without joining the *cestui que trust* does not apply when the question to be determined is, as in this case, whether the trustee has exceeded his authority.

It appears in this case that the new parties defendant were all of full age, and there was vested in them the entire, unqualified and unconditional estate in the land involved in this controversy at the time that they executed the power of attorney to the executors vesting in them full powers in regard to the laying off and sale of the property in question. It is alleged in the answer of the original defendants that said executors, with the knowledge and assent and approval of the other heirs, executed the agreement with the defendants, who are auctioneers, to lay out said 150-acre tract of land, dividing the same into 560 lots, and that through this property have been constructed by them numerous streets and walks, and that they have advertised the same extensively, all of which at a cost of several thousands of dollars; and, besides, they have expended time, as they allege, to the value of $2,500, and by reason of these outlays they allege the sale value of the land has benefited more than the amount of cash and value of time expended. The original defendants further aver that the plaintiffs, the executors, with the consent and approval of the other beneficiaries, fixed minimum prices on said lots, and approved the contract made with the defendants.

The allegation in the complaint that said contract should be set aside because the executors had no authority to execute the same without the assent of the other heirs is denied by the auctioneers, the original defendants. The fact that such other heirs than the executors, since they have been made defendants, have filed an answer admitting the allegations of

the complaint, cannot have the effect to deprive the auctioneers, the original parties defendant, of the right to have the issues arising upon the pleadings submitted to a jury, and the court therefore properly refused the motion for judgment upon the pleadings.

In *Duffy v. Meadows,* 131 N. C., 33, it was held that "The refusal of judgment upon complaint and answer is not appealable," the Court saying: "The correct practice would have been to note an exception to the refusal, so as to have it considered on appeal from the final judgment. *Walker v. Scott,* 106 N. C., 56; *Cooper v. Wyman,* 122 N. C., 784; *S. c.,* 65 Am. St., 731; *Cameron v. Bennett,* 110 N. C., 277." Counsel, however, ask us to express an opinion upon the point, which we sometimes have done, even when the appeal must be dismissed. *S. v. Wylde,* 110 N. C., 500; *Milling Co. v. Finlay, ib.,* 411, and cases citing these. See Anno. Ed.

We are of the opinion that the authority in the will conferred upon the executors to divide the 150-acre tract into lots, and to sell the same off, did not give the executors power to make the contract with the auctioneers which this action is brought to set aside. Nor does the authority conferred by the other heirs authorize the executors to exceed the powers conferred by the will. The defendants, having relied upon such action of the executors, and upon the confirmation of their conduct by the other heirs, are therefore entitled to a just allowance for the expenditures which they have made, in reliance upon the contract with the executors, approved by the other heirs at law; and as they are all of full age, when the case goes back an account will be taken to ascertain what is a just allowance in this respect. *Cozad v. Johnson,* 171 N. C., 637, 644.

Appeal dismissed.