THOMAS J. SPARKS v. GRADY SPARKS AND WIFE, THELMA SPARKS; BELL HENLINE AND HUSBAND, NELSON HENLINE.

(Filed 11 October, 1950.)

**Constitutional Law § 22: Trial § 18—**

It is error for the trial court to determine issues of fact raised by the pleadings in the absence of waiver of the constitutional and statutory right to a trial by jury, N. C. Constitution, Art. I, Sec. 19; Art. IV, Sec. 13; G.S. 1-172, G.S. 1-184.

APPEAL by defendants from *Rudisill, J.,* at the April Term, 1950, of MITCHELL.

Civil action involving title to real property.

This is the second appeal in this case. *Sparks v. Sparks,* 230 N.C. 715, 55 S.E. 2d 477.

The complaint alleges that the plaintiff owns certain land in Mitchell County in fee simple; that he is in the actual possession of the land; that the defendants wrongfully claim some interest in the land adversely to him; and that he is entitled to a judgment establishing his absolute ownership of the land and removing the adverse claim of the defendants as a cloud on his true title. The answer concedes that the plaintiff holds title to an undivided one-third interest in the land, and avers that the defendants are the fee simple owners of the other undivided two-thirds interest therein.

The cause came on for trial before a jury at the April Term, 1950, of the Superior Court of Mitchell County, and the plaintiff and the defendants undertook to support their respective allegations by testimony. After all the evidence on both sides was in, the court announced its adoption of the following issues: (1) Is the plaintiff the owner in fee simple of the lands described in the complaint? (2) Has the plaintiff been in the adverse possession under color of title to the lands described in the complaint for more than seven years?

Although the parties had not waived trial by jury, the presiding judge concluded "as a matter of law . . . after considering all of the evidence" that it was the duty of the court "to answer the issues." He thereupon answered both issues "yes," and rendered judgment on such answers declaring the plaintiff "to be the owner of the lands described in the complaint in fee simple." The defendants excepted and appealed, assigning these and other rulings of the court as error.

*Hall & Zachary for plaintiff, appellee.*
*Fouts & Walson for defendants, appellants.*

ERVIN, J.   The Constitution of North Carolina guarantees to every litigant the "sacred and inviolable" right to demand a trial by jury of the issues of fact arising "in all controversies respecting property," and he cannot be deprived of this right except by his own consent.   N. C. Const., Art. I, Sec. 19.   The Code of Civil Procedure provides that issues of fact must be tried by a jury, unless a trial by jury is waived or a reference ordered.   G.S. 1-172.

The defendants did not waive their constitutional and statutory right to have the issues of fact joined on the pleadings in this case tried by a jury.   N. C. Const., Art. IV, Sec. 13; G.S. 1-184.   This being true, the presiding judge had no authority to answer the issues, and to enter judgment in favor of the plaintiff upon his answers to the issues.   In consequence, the judgment is set aside, and the cause is remanded for a new trial to the end that the determinative issues of fact raised by the pleadings may be submitted to a jury for decision.   *Crews v. Crews,* 175 N.C. 168, 95 S.E. 149; *Cozad v. Johnson,* 171 N.C. 637; *Hockoday v. Lawrence,* 156 N.C. 319, 72 S.E. 387; *Hahn v. Brinson,* 133 N.C. 7, 45 S.E. 359; *Wilson v. Bynum,* 92 N.C. 718; *Chasteen v. Martin,* 81 N.C. 51; *Hyatt v. Myers,* 73 N.C. 232; *Andrews v. Pritchett,* 66 N.C. 387.

Error.