STATE OF NORTH CAROLINA, Ex Rel JAMES C. BOWMAN, Solicitor of the Eighth Solicitorial District v. WILLIAM D. MALLOY and MOSES McGILL.

(Filed 5 May, 1965.)

**1. Nuisance § 10—**

The abatement of a public nuisance is not *in rem* but *in personam,* and the party charged with the operation of such nuisance has the right to notice and an opportunity to be heard and, if he traverses the factual allegations of the complaint, to a jury trial, and therefore such person is entitled to have a judgment that the premises be padlocked and the personalty sold set aside when such judgment is entered without personal service. Constitution of North Carolina, Art. I § 19, Art. IV § 12, Art. I § 17, G.S. 19-1.

**2. Judgments § 1; Appearance § 2—**

Where a person files a motion to vacate a judgment *in personam* entered without service of process and an opportunity for him to plead, he makes a general appearance, and while the judgment should be set aside on his motion, the court acquires jurisdiction and should fix a reasonable time for him to plead.

APPEAL by defendant Malloy from *Bickett, J.,* January 18, 1965 Criminal Session of BRUNSWICK.

On Monday, December 14, 1964, plaintiff filed, in the Superior Court of Brunswick County, a verified complaint, alleging, on information and belief, that defendant McGill was the owner of a tract of land in Brunswick County on which defendant Malloy operated a business known as "Sand Ridge Club," there intoxicating beverages were sold, and carousing, drinking and fighting were commonplace at all hours of the day and night. He prayed for an order abating the alleged nuisance,

padlocking the premises, and a sale of "all furniture, fixtures and other personal property on or about the premises."

On the filing of the complaint, Judge Johnson, presiding over the December 1964 Session of Brunswick Superior Court, issued an order directing the sheriff to padlock the business known as "Sand Ridge Club." Defendants were enjoined from going on the premises or removing any property therefrom. The owner and operator were directed to appear at 4 p.m. on December 16, 1964, and show cause why the order should not be made permanent. Copies of the order and complaint were served on defendant McGill in New Hanover on the day the order was issued. No process was ever issued for, nor was the order of December 14, or the complaint served on defendant Malloy. No service by publication was attempted as to Malloy. On December 14, the Sheriff of Brunswick County returned the order, reporting that he had delivered a copy of the order, and a copy of the complaint, to "William R. Ross, the Defendant William D. Malloy's agent and manager of the premises described in the Complaint." He reported that Malloy was not to be found.

On December 16, Judge Johnson signed an order, reciting he found, from the pleadings and affidavits, that the operation of Sand Ridge Club was a nuisance, as defined by G.S. 19-1, and should be abated. He ordered the premises padlocked for a year, and all of the property of Malloy removed from the premises and sold, the proceeds of the sale to be used in paying the costs, including a fee for the attorney for plaintiff.

On January 8, 1965, Malloy filed a motion to vacate and set aside, so far as it affected him or his property, the order of December 16, 1964. As the basis for his motion, he alleged no process had ever been served on him and he had not had an opportunity to be heard. Copy of the motion was given plaintiff, with notice that Malloy would ask that his motion be heard at the January Session, convening on January 18, 1965.

The motion was heard by Judge Bickett on January 19th. He concluded the action was *in rem*, that Malloy was served when the sheriff delivered a copy of the complaint and order of December 14 to Ross. He not only refused to vacate the judgment of December 16, but expressly affirmed it as to Malloy. Malloy excepted and appealed.

*Lisbon C. Berry, Jr.. and Samuel S. Mitchell for appellant.*
*No counsel for appellee.*

PER CURIAM. Actions, as authorized by c. 19 of the General Statutes, for the abatement of nuisances are not *in rem* but *in personam. Sinclair, Solicitor v. Croom*, 217 N.C. 526, 8 S.E. 2d 834.

A party charged with the maintenance of a public nuisance, as defined by G.S. 19-1, has a right to traverse the factual allegations of the complaint. If he does so, he can not be deprived of his right to a jury trial on the issues raised by the pleadings, N. C. Constitution, Art. I, § 19; Art. IV, § 12 (formerly § 13); *Sparks v. Sparks*, 232 N.C. 492, 61 S. E. 2d 356; *Sinclair, Solicitor v. Croom, supra*. The property owner is entitled to notice of the action, and a reasonable opportunity to be heard. N. C. Constitution, Art. I, § 17. "[A] judgment of a court cannot bind a person unless he is brought before the court in some way sanctioned by law and afforded an opportunity to be heard in defense of his right." *Eason v. Spence*, 232 N.C. 579 (586), 61 S.E. 2d 717. Here, there is no claim that Malloy had in any way sanctioned by law been afforded an opportunity to assert his defense.

The court erred in refusing to vacate the judgment rendered on December 16, 1964, so far as that judgment relates to defendant Malloy. When Malloy filed his motion to vacate the judgment of December 16, he entered a general appearance. The court now has jurisdiction *in personam*. Malloy is entitled to a reasonable period in which to plead. The Superior Court will fix a reasonable time, not less than 30 days, in which defendant Malloy may plead.

No motion has been made with respect to the restraining order issued December 14, 1964. That order will continue in force until there has been a determination of the issues which may be raised by the pleadings, unless the court, on motion of defendant Malloy prior thereto, shall modify or vacate the same.

The cause is remanded for further proceedings not inconsistent with this opinion.

Error and remanded.