DOCKET No. 6395, STATE OF NORTH CAROLINA, EX REL JAMES C. BOW-
MAN, SOLICITOR, EIGHTH SOLICITORIAL DISTRICT, PLAINTIFF v. HOWARD
FIPPS AND DOZIER POWELL, DEFENDANTS,
AND
DOCKET No. 6396, STATE OF NORTH CAROLINA, EX REL JAMES C. BOW-
MAN, SOLICITOR, EIGHTH SOLICITORIAL DISTRICT, PLAINTIFF v. LUTHER
POWELL, DEFENDANT.

(Filed 4 February, 1966.)

**1. Nuisance § 10—**

Where verdict of operating a public nuisance is returned solely against
the lessees of the premises, order for the sale of personalty may be en-
tered, but the court properly refrains from ordering the realty padlocked,
since the proceeding is *in personam* and the lessors may not be deprived
of possession unless they are parties and it is established that they knew
or by due diligence should have known that the nuisance was being main-
tained. G.S. 19-5.

**2. Nuisance § 12—**

Whether an attorney's fee should be allowed from the proceeds of sale
of personalty ordered by the court in a proceeding to abate a nuisance is
addressed to the discretion of the court, and its refusal to allow attorney's
fees will not be disturbed in the absence of a showing of abuse. G.S. 19-8.

APPEAL by plaintiff from *Clark, J.,* May 1965 Civil Session of
COLUMBUS.

These two actions were instituted on March 19, 1965, by the So-
licitor of the Eighth District under G.S. 19-1 *et seq.* for the abate-
ment of a nuisance. Case No. 6395 was brought against Howard
Fipps, the lessee-operator of the premises known as "State Line,"
or "Fipps' Place," and against Dozier Powell, the owner of the
premises. Fipps' Place is located on the *west* side of Highway No.
410 about one foot north of the South Carolina line. Case No. 6396
was instituted against Luther Powell, the lessee-operator of the
premises known as "State Line" or "Luther's Place," which is lo-
cated on the *east* side of Highway No. 410 opposite Fipps' Place.
The complaints are signed by James C. Bowman, Solicitor, and
John A. Dwyer, "attorney for plaintiff."

In each case, the State alleged and offered evidence tending to
show that the building and improvements on the particular premises
were "used for and in connection with the illegal sale of whiskey
. . . and beer." In Case No. 6395, plaintiff averred that the owner,
Dozier Powell, operated the place of business known as State Line
"in conjunction with Howard Fipps." Each defendant filed an an-
swer in which he denied that his premises had been used for any
illegal purposes whatever and, at the trial, each offered evidence

tending to show that his place of business was a well-conducted, small grocery store.

At the close of plaintiff's evidence, counsel took a voluntary nonsuit as to defendant Dozier Powell, and the case proceeded as to the two tenants. The following issue was submitted to the jury and answered as indicated:

"Has the defendant Howard Fipps conducted and operated the place of business known as State Line, or Fipps' Place, in such a way as to constitute a nuisance against public morals, pursuant to G.S. 19-1?

"ANSWER: Yes."

An identical issue was submitted with reference to defendant Luther Powell. It was also answered YES.

Plaintiff tendered two judgments, which the judge declined to sign. Instead, he signed one judgment which recited both issues and ordered that the personal property owned by defendants Fipps and Powell, and used by each in connection with his business, be sold as provided by G.S. 19-5; that Fipps and Powell be restrained from the operation of their respective places of business for a period of 12 months; and that the real property be "returned to the respective owners, Dozier Powell and the estate of C. M. Powell."

From the judgment entered, plaintiff appeals, assigning as error the court's refusal to sign the tendered judgments.

*John A. Dwyer for plaintiff appellant.*

*D. Frank McGougan for Howard Fipps and Dozier Powell defendant appellees.*

*R. C. Soles for Luther Powell defendant appellee.*

SHARP, J. The difference between the judgments tendered and the judgment which the court signed is twofold: (1) The court's judgment directed that the premises be returned to the owners; the tendered judgment declared the place of business a nuisance. (2) The court's judgment made no provision for the inclusion of attorney's fee in the costs of the proceedings; the tendered judgment directed that the costs, including a fee in the "sum of $............" for John A. Dwyer, be paid from the proceeds of the sale of the personal property of the defendants Fipps and Luther Powell.

Counsel for plaintiff stressfully contends that the operation on the premises of a nuisance as defined by G.S. 19-1 having been established, the court should have ordered "the effectual closing of

the building or place against its use for any purpose . . . for a period of one year," as provided by G.S. 19-5.

This contention is without merit, and heretofore has several times been decided against plaintiff. A proceeding to abate a nuisance is not a proceeding *in rem* against the property itself, but is a proceeding *in personam. Bowman v. Malloy,* 264 N.C. 396, 141 S.E. 2d 796; *Sinclair, Solicitor v. Croom,* 217 N.C. 526, 8 S.E. 2d 834. The owners of Luther's Place were never made parties to the proceeding; Dozier Powell, the owner of Fipps' Place, was originally made a party, but during the trial, plaintiff took a voluntary nonsuit as to him.

Before the court can padlock a lessor-owner's premises and deprive him of the possession of his property on account of a nuisance maintained thereon by his tenant, it must be established by verdict in a proceeding to which the owner is a party that he knew, or could by due diligence have known, that the nuisance was being maintained. *Bowman v. Malloy, supra; Sinclair, Solicitor v. Croom, supra; Barker v. Palmer,* 217 N.C. 519, 8 S.E. 2d 610; *Habit v. Stephenson,* 217 N.C. 447, 8 S.E. 2d 245.

As provided in G.S. 19-6, the court directed that the proceeds from the sale of the personal property used in connection with the established nuisances be applied to the payments of the costs of these actions. He did not include in these costs an attorney's fee, although one was requested in the tendered judgment. The allowance of a fee was a matter in the discretion of the trial judge. G.S. 19-8. See *Hoskins v. Hoskins,* 259 N.C. 704, 131 S.E. 2d 326. No abuse appears.

The judgment of the court below is

Affirmed.