## IN THE MATTER OF THE ESTATE OF MARY ALICE WALLACE.

(Filed 4 May, 1966.)

**1. Pleadings § 29—**

　　An issue of fact arises whenever a material fact, which is one which constitutes a part of plaintiff's cause of action or defendant's defense, is maintained by one party and controverted by the other. G.S. 1-196, G.S. 1-198.

**2. Constitutional Law § 24—**

　　Where the pleadings raise an issue of fact respecting property in controversy, such issue of fact must be tried by a jury, Constitution of North

Carolina, Art. I, § 19; G.S. 1-172, unless a jury trial is waived or a reference ordered, Constitution of North Carolina, Art. IV, § 13, G.S. 1-184.

**3. Appeal and Error § 21—**

An appeal and assignment of error to the judgment presents whether error of law appears on the face of the record.

**4. Clerks of Court § 1—**

Where an issue of fact is joined before the clerk, the clerk must transfer the proceeding to the Superior Court for trial. G.S. 1-174.

**5. Same;    Constitutional Law § 24—    Jury trial is required on appeal from clerk's order determining controverted issue of fact raised by pleadings.**

Petitioner sought to recover a sum of money, petitioner claiming that at the sale by the administrator c. t. a. she had purchased both the real estate and personal property on the premises of the decedent, and that the money had been taken from her and placed in the hands of the clerk for determination of ownership. Respondent denied the allegation that the sum of money was part of the personal property purchased by petitioner. The clerk ordered that the money be turned over to the administrator c. t. a. of the estate, and petitioner appealed. *Held:* The pleadings raise an issue of fact for the determination of the jury, and it was error for the court to affirm the order of the clerk without a jury trial.

**6. Claim and Delivery § 1—**

A writ of claim and delivery may be issued only in a pending civil action.

MOORE, J., not sitting.

APPEAL by Nonnie E. Hadlock from *McConnell, J.,* September 1965 Session of MOORE.

Nonnie E. Hadlock filed a petition with the clerk of the Superior Court of Moore County alleging in substance: There has been deposited in the office of the clerk of the Superior Court of Moore County the sum of $1,283.95, which fund was taken from the home of the late Mary Alice Wallace after petitioner purchased her home place. At the sale conducted by H. F. Seawell, Jr., the personal property on the premises, together with the real estate, was purchased at said sale, and petitioner avers that the said money was a part of the personal property purchased by her at said sale. The clerk of the Superior Court holds said fund for determination of its ownership. Wherefore, petitioner prays that the said $1,283.95 be delivered to her.

H. F. Seawell, Jr., administrator c.t.a. of the last will and testament of Mary Alice Wallace, filed an answer to the petition, alleging in substance: It is admitted that the clerk of the Superior Court of Moore County has in his possession the sum of $1,283.95, which

sum belongs to the estate of Mary Alive Wallace and should be paid over to him as administrator c.t.a. It is admitted that this sum of money came from the home of Mary Alice Wallace and was her money. The petitioner herein swore under oath in the Superior Court of Moore County that this sum of money did not belong to her, and this may be found in the record of testimony in *Williams v. Hadlock*, page 18 of the record. Respondent denies the allegation in the petition that this sum of money was a part of the personal property purchased by petitioner when she purchased the home place of Mary Alice Wallace. Wherefore, respondent prays that the money be forthwith paid to him as administrator c.t.a. of Mary Alice Wallace for distribution less costs as provided by law.

On 12 June 1965 Bessie Beck, assistant clerk of the Superior Court of Moore County, entered an order in substance as follows: After hearing the evidence, the court is of the opinion that the $1,283.95 now on deposit in the office of the clerk of the Superior Court of Moore County were the funds of the late Mary Alice Wallace, and the court finds as a fact that said funds should be paid to H. F. Seawell, Jr., administrator c.t.a. of the last will and testament of Mary Alice Wallace. Wherefore, it is ordered that the said $1,283.95 be distributed to the said H. F. Seawell, Jr., as administrator c.t.a. of the last will and testament of Mary Alice Wallace. From this order petitioner appealed, and "same is transferred to Civil Issue Docket." (Quoted verbatim from the order.)

On appeal Judge McConnell entered an order as follows:

"This matter coming on to be heard on an appeal by Nonnie E. Hadlock from an order of the Clerk of Superior Court of Moore County dated the 12th day of June 1965, wherein the said Clerk finds as a fact that the sum of $1,283.95 was found, and that said funds had been deposited with the Clerk of Superior Court for a determination as to the ownership of said funds, and in the Clerk's order, the funds were ordered to be distributed to H. F. Seawell, Jr., as Administrator of the said Mary Alice Wallace.

"After hearing the evidence, the court affirms the order of said Clerk."

From Judge McConnell's order, Nonnie E. Hadlock, petitioner, appealed to the Supreme Court.

*Gavin, Jackson & Gavin by H. M. Jackson, and Barrett & Wilson by P. H. Wilson for petitioner appellant.*

*Seawell & Seawell & Van Camp by James R. Van Camp for respondent appellee.*

PARKER, C.J.  Petitioner has one assignment of error, which is as follows: "To the action of the Court in signing the Judgment in the proceeding."

An issue of fact arises upon the pleadings whenever a material fact is maintained by one party and controverted by the other. G.S. 1-196 and 1-198; *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16; *Baker v. Construction Corp.*, 255 N.C. 302, 121 S.E. 2d 731. "A material fact is one which constitutes a part of the plaintiff's cause of action or the defendant's defense." *Wells v. Clayton, supra.*

The North Carolina Constitution, Art. I, sec. 19, states in relevant part: "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." Under this constitutional provision, "trial by jury is only guaranteed where the prerogative existed at common law or by statute at the time the Constitution was adopted." *Belk's Dept. Store, Inc. v. Guilford County*, 222 N.C. 441, 23 S.E. 2d 897; 2 McIntosh, N. C. Practice and Procedure, 2d Ed., §§ 1431, 1432, 1433. G.S. 1-172 provides in relevant part: "An issue of fact must be tried by a jury, unless a trial by jury is waived or a reference ordered." *Sparks v. Sparks*, 232 N.C. 492, 61 S.E. 2d 357. The North Carolina Constitution, Art. IV, sec. 13, provides in relevant part: "In all issues of fact, joined in any court, the parties may waive the right to have the same determined by a jury. . . ." G.S. 1-184 provides for waiver of trial by jury. G.S. 1-174 reads in relevant part: "All issues of fact joined before the clerk shall be transferred to the superior court for trial at the next succeeding term. . . ." G.S. 1-273 reads as follows: "If issues of law and of fact, or of fact only, are raised before the clerk, he shall transfer the case to the civil issue docket for trial of the issues at the next ensuing term of the superior court." "If issues of fact are raised in special proceedings before the clerk, the cause is transferred to the civil issue docket, to be tried as in an ordinary civil action." 2 McIntosh, N. C. Practice and Procedure, 2d Ed., § 1432, p. 4.

The sole assignment of error here is to the signing of the judgment, and appellate review is limited to the question of whether error of law appears on the face of the record proper. 1 Strong's N. C. Index, Appeal and Error, § 21, and supplement to Vol. I, Appeal and Error, § 21. It is now our task to apply the rules of law above stated to the instant appeal.

These facts appear on the face of the record proper: The petition and answer here present a controversy "at law respecting property," and raise an issue of fact as to the ownership of the $1,283.95 in money deposited in the office of the clerk of the Superior Court of

Moore County. This is the appeal entry to the order of Bessie Beck, assistant clerk of the Superior Court of Moore County, signed by her: "To the foregoing order the petitioner appeals and same is transferred to Civil Issue Docket." There is nothing in the record before us to indicate that petitioner and respondent have waived their constitutional and statutory right to have the issue of fact joined on the pleadings tried by a jury. North Carolina Constitution, Art. IV, sec. 13; G.S. 1-184. Here, there is no question of reference. Therefore, Judge McConnell had no authority to enter an order affirming the order of the assistant clerk of the Superior Court of Moore County, which in effect is a determination by Judge McConnell of the issue of fact raised by the pleadings and a finding by him that the $1,283.95 deposited in the office of the clerk of the Superior Court of Moore County were funds belonging to the late Mary Alice Wallace, and an order that said money be distributed to H. F. Seawell, Jr. as administrator c.t.a. of the last will and testament of Mary Alice Wallace. This error of law appears on the face of the record proper. In consequence, Judge McConnell's order is set aside. The ordinary procedure in such cases is to remand the proceeding for a new trial to the end that the determinative issue of fact raised by the pleadings here may be submitted to a jury for decision. *Sparks v. Sparks, supra.* However, this appears in the testimony of Nonnie E. Hadlock in the record. On her direct examination she testified: "I do not have the money; the Sheriff came and took it away from me that evening serving a search warrant, and this money is now on deposit with the Clerk of Superior Court of Moore County." On cross-examination she testified: "Claim and delivery papers were served on me, but I didn't give any bond for it, and the money was turned over to the Sheriff who took it from my house." There is nothing in the record to indicate who caused the search warrant or the claim and delivery writ to be issued. Claim and delivery "is only a writ or order issued in a pending civil action for the recovery of specific personal property." 2 McIntosh, N. C. Practice and Procedure, 2d Ed., § 2151. If Nonnie E. Hadlock was correct in stating the money was taken from her by virtue of a claim and delivery writ, it is manifest she was not plaintiff in the said action in which the claim and delivery writ was issued. We cannot determine from the confused state of the record before us as to whether there is another and prior action pending between the same parties for the same cause. If Nonnie E. Hadlock was not correct in stating the money was taken from her by virtue of a claim and delivery writ, but was correct in saying "the Sheriff came and took it away from me that evening serving a search warrant," there is nothing in the record to indicate who caused the search warrant to be issued or

under what circumstances it was issued or in what proceeding. Therefore, in the confused state of the record, we content ourselves with setting aside Judge McConnell's order.

Order set aside.

MOORE, J., not sitting.