PROPST v. RAILROAD.

(Filed October 31, 1905).

*Railroads—Venue of Actions—Removal Under Act 1905—*
*Provisos Construed.*

1. Chapter 367, Acts 1905, amending section 192 of The Code, with reference to the place of trial of actions against railroads, applies to all railroads, both domestic and foreign.

2. While a proviso relates generally to what immediately precedes it, and is confined by construction to the subject matter of the section of which it is a part, yet if the context requires it, the proviso may be construed as extending to and qualifying other sections or even as being tantamount to an independent provision, the main object being to enforce the will of the Legislature as it is manifested by the entire enactment.

3. The amendment of 1905 does not repeal section 194, but the latter will be confined to corporations, other than railway companies, which have been chartered by any other State, government or country.

ACTION by J. L. Propst against the Southern Railway Company, heard by *Judge R. B. Peebles,* at the April Term, 1905, of the Superior Court of GUILFORD County, upon a motion of the defendant to remove the action under chapter 367 of the Acts of 1905. From the order of removal, the plaintiff appealed.

*John A. Barringer* and *J. T. Morehead* for the plaintiff.
*King & Kimball* and *A. B. Andrews, Jr.,* for the defendant.

WALKER, J. This action to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant, a non-resident corporation, was brought by the plaintiff in the Superior Court of Guilford County. The

defendant moved that the place of trial be changed to Rowan County, where it was found, as a fact, the plaintiff resided and the cause of action arose.   The court ordered the case to be removed for trial to said county, under chapter 367, Acts 1905, amending section 192 of The Code.   That section provides for the trial of actions in the county where the plaintiffs or the defendants, or any of them reside, and if none of the defendants resides in the State, then in the county in which the plaintiffs or any of them reside, and if none of the parties resides in the State, then in the county designated by the plaintiff in the summons and complaint, subject, however, to the power of the court to change the place of trial as provided by law.   The section was amended by the Act of 1905, chap. 367, as follows: "Provided that in all actions against railroads, the action shall be tried either in the county where the cause of action arose, or in the county where the plaintiff resided at the time the cause of action arose, or in some other county adjoining the county in which the cause of action arose, subject, however, to the power of the court to change the place of trial in the cases provided by the statute."

The plaintiff's counsel contended that the proviso enacted in 1905 applies only to corporations residing in the State, and that as the defendant is a non-resident corporation, it does not come within either the words or the intent of the proviso, and consequently, actions against it must be brought and tried in accordance with the provisions of section 194 of The Code, relating to suits against non-resident or foreign corporations, which section requires such actions to be brought in the county in which the cause of action arose, or in which the corporation has property, or usually does business, or in which the plaintiff resides.

We do not think this is the proper construction of the proviso, and it seems to us that if it should be so interpreted, the clearly expressed intention of the Legislature would be defeated.   It is our duty in construing a statute, to ascertain

from its words, if possible, the meaning which the Legislature intended it should have, and when the intention is thus ascertained, it must always govern.

The general office of a proviso is either to except something from the enacting clause or to qualify or restrain its generality or to exclude some possible ground of misinterpretation of it, and usually it is not permitted to enlarge the meaning of the enactment to which it is appended, so as itself to operate as a substantive enactment. It relates generally to what immediately precedes it and is confined by construction to the subject matter of the section of which it is a part. These rules are, however, not absolute and, after all, if the context requires it, the proviso may be construed as extending to, and qualifying other sections or even as being tantamount to an independent provision, the main object being to enforce the will of the Legislature, as it is manifested by the entire enactment. 26 Am. & Eng. Enc. (2nd Ed.), 678, 679. The intention of the lawmaker, if plainly expressed, must have the force of law, though it may be in the form of a proviso, the intention expressed being paramount to form. 2 Lewis's Sutherland on Stat. Const. (2nd Ed.), p. 673, sec. 352 (223) ; *Bank v. Mfg. Co.,* 96 N. C., 298 ; *Railroad v. Smith,* 128 U. S., 174. In *Bank v. Mfg. Co., supra,* this court says: "While it is a general rule in the construction of statutes to consider a proviso as a limitation upon the general words preceding and (as) excepting and taking out something therefrom, the rule is not absolute, and the meaning of the proviso must generally be ascertained from the language used in it." That case affords a striking illustration of the principle and seems to be a direct authority for the position that the proviso of 1905 may operate independently if the intention to give it that effect is sufficiently indicated, which we will now consider.

Giving to the language of the Act of 1905, its ordinary meaning, we are unable to avoid the conclusion that the pur-

pose was to extend its provisions to all railroads, both domestic and foreign. The words are broad and comprehensive. They embrace "all actions against railroads," and this means nothing less than that wherever a railroad is defendant, it shall be entitled to the benefit of the act, without regard to its residence, and this is so because there is nothing to restrict the meaning to resident railroads. The very fact that the proviso was added to section 192 is additional evidence, if any is required, of the intent of the Legislature. That section provides for the place of bringing and trying actions against both resident and non-resident defendants, and it was meet and proper, therefore, that a proviso, if intended to apply to both classes of corporations, resident and non-resident, should be annexed to that section and not to section 194, which applies only to non-resident or foreign corporations. We think also that the spirit of the law shows the correctness of our conclusion. It is a wise provision which requires an action of this kind to be tried in the county where the cause of action arose or where the plaintiff resides, instead of being in its nature purely transitory, so that it can be brought and tried in any county where it has property or transacts business, though it may be far distant from the place where the cause of action arose, and where perhaps all the parties and witnesses reside. It saves cost and expenses, and subserves the convenience of those interested, without imposing any hardship on the plaintiff. While not exactly so, the proviso is to some extent in accordance with the spirit of the ancient law which required, even in transitory actions, not the venue to be laid, but the trial to be had in the vicinage or neighborhood where the injury is alleged to have been done. 3 Blk. Com., 294. But it is useless to argue the matter any further, as the language of the proviso is plain and explicit, and we must declare the law to be as it is clearly written in the statute. We have no doubt whatever that the Legislature intended to

place the two classes of corporations on the same footing in respect to the venue or place of trial.

If this case were not within the letter of the statute, as we think it is, it is surely within the intention, and whatever is within the intention is as much within the statute as if it were within the letter.

Our decision does not have the effect to repeal or annul section 194, as suggested by the plaintiff's counsel. The two sections, under our construction of the proviso of 1905, can well stand together and each have full operation within its own appointed sphere. Section 192 will apply to all classes of plaintiffs and defendants, as it did at the time the proviso was adopted, and the latter will apply to railroad corporations generally; while section 194 will be confined to corporations, other than railway companies, which have been chartered by any other State, government or country. In this way the two sections may easily be reconciled and each be permitted to operate, and when effect can thus be given to both enactments, it is enjoined upon us, by an elementary canon of construction, to adopt the meaning which will produce this result.

We can see no reason why the ruling of the court was not correct.

No Error.