EDDIE HORTON (WIDOWER) ; J. L. HORTON AND WIFE, ELDRIE HOR-
TON ; RAY HORTON ; P. S. HORTON AND WIFE, CARRIE JANE HOR-
TON ; THEODORE R. HORTON AND WIFE, VERA HORTON ; EDDIE
HORTON, GUARDIAN OF MARY LEE HORTON ; JESSE W. HORTON,
AND MAY BELL HORTON, v. W. W. HORTON.

(Filed 17 March, 1937.)

**Jury § 5—**

> Where the record does not show what admissions, if any, were made on
> the hearing, the decision of the court on a controverted issue raised by
> the pleadings, without the introduction of evidence, in the absence of
> waiver of jury trial or agreement as to facts, will be held for error.

APPEAL by defendant from *Cranmer, J.,* at September Term, 1936, of
HARNETT. Error and remanded.

Plaintiffs alleged that defendant had agreed, in consideration of the
conveyance to him by the plaintiffs of their equity of redemption in
described lands, to pay off the mortgage debt thereon and hold the lands
subject to their option to repurchase upon repayment to him of the debt,
interest, and taxes, within three years; and plaintiffs further alleged
that within the time limited, plaintiffs had tendered the amount to the
defendant who refused to convey. Defendant in his answer admitted
that he made an agreement substantially as alleged, but specifically
denied that any tender of repayment of the debt and interest was made
to him within the time limited or at any time.

The court, upon consideration of the pleadings and "upon the admis-
sions of the parties," found as a fact that within two years the money
advanced by defendant to pay off the mortgage, interest, and taxes, was
tendered to the defendant, and thereupon adjudged that equity raised a
constructive trust, and that defendant held the land as trustee for the
plaintiffs, and directed that he reconvey said lands to them upon the pay-
ment of the amounts advanced by him.

Defendant appealed.

*Wm. B. Oliver and J. Elsie Webb for plaintiffs.*
*J. C. Sedberry for defendant.*

PER CURIAM. The record does not disclose what admissions, if any,
were made at the hearing in the court below, and there being no waiver
of jury trial or agreement as to facts nor evidence offered, the court was
without power to decide a controverted issue of fact raised by the plead-

ings. Doubtless the effort to end an unseemly controversy between members of the same family led the learned judge into error.

The case must be remanded for the proper determination of the material issues.

Error and remanded.