SHIRLEY B. SULLIVAN (HINES) v. MARTHA JOHNSON

No. 688SC444

(Filed 5 February 1969)

1. **Constitutional Law § 24;  Jury § 1;  Trial § 56— necessity for jury trial in civil action**

  In an action to remove a cloud on title, the lower court possessed no authority to make findings of fact as to the controverted issues where the record does not show the hearing of evidence, the waiver of trial by jury, or an agreement as to the facts. N. C. Constitution, Art. I, § 19.

2. **Pleadings § 37— issues of fact for jury**

  An issue of fact is raised for determination of the jury whenever a material fact, which is one constituting a part of plaintiff's cause of action or defendant's defense, is alleged by one party and denied by the other. G.S. 1-198.

3. **Pleadings § 10;  Trial § 56— necessity for reply — jury trial**

  Allegations of new matter in defendant's answer not relating to a counterclaim are deemed denied without a reply, G.S. 1-159, and in this case *are held* to present issues of fact which are required to be submitted to the jury in absence of waiver of jury trial.

4. **Pleadings § 41— motion to strike**

  It is error for the court to fail to rule upon a motion to strike made in apt time, such motion being made as a matter of right. G.S. 1-153.

APPEAL by plaintiff from *Parker, (Joseph W.) J.,* at the 9 September 1968 Session of LENOIR Superior Court.

Plaintiff filed complaint 27 May 1968 alleging that on 26 April 1965 she was owner of a parcel of land in the City of Kinston; that on 13 November 1962 her husband, Alfred H. Sullivan, had purportedly executed a note and deed of trust on the property to the defendant; that at the time these were executed plaintiff was the wife of Sullivan and had not joined in the execution of the note and deed

of trust. Plaintiff alleged that no consideration was given for this note and deed of trust and that it was still held by the defendant. Plaintiff prayed that the note and deed of trust, being a cloud on her title, be canceled.

Defendant answered 7 June 1968 pleading a recorded separation agreement executed 20 June 1962 between plaintiff and her husband by which plaintiff had agreed to convey her interest in the property to her husband; that plaintiff did convey the property to her husband by deed on 8 June 1962; that in November 1964 Alfred H. Sullivan instituted divorce proceedings against the plaintiff; that a consent order was entered in the divorce proceedings as a result of which Alfred H. Sullivan conveyed the property to the plaintiff subject to a prior deed of trust to the Savings & Loan Association and to the deed of trust held by the defendant, this latter deed of trust not being assumed by the plaintiff. Upon foreclosure of the prior deed of trust, defendant became the last and highest bidder. The defendant alleged that the excess of the bid after payment of the first lien and costs of sale was being held by the clerk of court. Finally, defendant alleged that plaintiff was estopped to deny the validity of the deed of trust held by the defendant, and prayed that the action be dismissed.

On 18 June 1968, plaintiff filed a motion to strike certain portions of defendant's answer on the grounds that these portions were conclusions of law or allegations of evidentiary matter, and not allegations of ultimate facts.

When the matter came before the court, the court entered judgment making findings of fact and conclusions of law and dismissing the plaintiff's action. Plaintiff appealed, assigning errors in the findings of fact and in the failure to rule upon the motion to strike.

*Turner & Harrison, by Fred W. Harrison for plaintiff appellant.*

*George B. Greene and James A. Hodges for defendant appellee.*

PARKER, J.

[1] The first question presented by this appeal is whether the lower court possessed the authority to make findings of fact, where the record does not show the hearing of evidence, the waiver of a trial by jury, or an agreement as to the facts. The case of *Horton v. Horton*, 211 N.C. 390, 190 S.E. 216, seems particularly in point. In that case, the court stated:

"The record does not disclose what admissions, if any, were

made at the hearing in the court below, and there being no waiver of jury trial or agreement as to facts nor evidence offered, the court was without power to decide a controverted issue of fact raised by the pleadings. Doubtless the effort to end an unseemly controversy between members of the same family led the learned judge into error."

See also, In Re Wallace, 267 N.C. 204, 147 S.E. 2d 922; Sparks v. Sparks, 232 N.C. 492, 61 S.E. 2d 356; Const., Art. I, § 19; 5 Strong, N. C. Index 2d, Jury, § 1, p. 117; 7 Strong, N. C. Index 2d, Trial, § 56, p. 375; 1 McIntosh, N. C. Practice 2d, § 1371.

[2, 3] "An issue of fact is raised for the determination of the jury whenever a material fact, which is one constituting a part of plaintiff's cause of action or defendant's defense, is alleged by one party and denied by the other." 6 Strong, N. C. Index 2d, Pleadings, § 37, p. 373. In Re Wallace, supra; G.S. 1-198. Since new matter in the answer, not relating to a counterclaim, is deemed denied without a reply, 1 McIntosh, N. C. Practice 2d, § 1264; Gamble v. Stutts, 262 N.C. 276, 136 S.E. 2d 688; G.S. 1-159, it is clear that there were issues of fact in the case at hand which were required to be submitted to the jury, in the absence of waiver.

[4] Plaintiff's assignment of error to the failure of the court to rule upon her motion to strike is also well taken. It is well settled that a motion to strike, made in apt time, is made as a matter of right. G.S. 1-153; Trust Co. v. Pollard, 256 N.C. 77, 123 S.E. 2d 104; Brown v. Hall, 226 N.C. 732, 40 S.E. 2d 412; Parrish v. R. R., 221 N.C. 292, 20 S.E. 2d 299. The plaintiff in this case, having filed his motion in apt time, was entitled to be heard thereon. The right to make a motion to strike would be an empty one unless it included the right to have the motion ruled upon.

Since the trial court failed to rule upon plaintiff's motion to strike and since in any event the court had no authority to make findings of fact on controverted issues, a jury trial not having been waived, the judgment appealed from is set aside and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BROCK and BRITT, JJ., concur.