HUGH ROGER HELMS v. EDWARD L. POWELL, COMMISSIONER
OF MOTOR VEHICLES, DIVISION OF MOTOR VEHICLES, OF
THE NORTH CAROLINA DEPARTMENT OF TRANSPORTA-
TION AND HIGHWAY SAFETY

No. 7620SC652

(Filed 2 February 1977)

1. Automobiles § 2— limited driving privilege — first conviction — driv-
ing under influence — driving with alcohol content of .10 or more

In the provision of G.S. 20-138(b) making a person eligible for
consideration for limited driving privileges upon a "first conviction
under this section," the word "section" refers to G.S. 20-138 in its
entirety; thus, a "first conviction under this section" is a conviction
either of driving while under the influence of intoxicating liquor in
violation of G.S. 20-138(a) or driving with a blood alcohol content of
.10 percent or more by weight in violation of G.S. 20-138(b), and a
person previously convicted of driving while under the influence was
not eligible for limited driving privileges upon his conviction of driv-
ing with a blood alcohol content of .10 percent or more by weight.

2. Automobiles § 2— revocation of limited driving privilege — guilty plea
in reliance on erroneous advice by hearing officer — estoppel

The Commissioner of Motor Vehicles was not estopped to revoke
a limited driving privilege granted to petitioner when he pled guilty
to driving with a blood alcohol content of .10 percent or more by weight
by the fact that defendant's guilty plea was entered after he was er-
roneously advised by a hearing officer of the Division of Motor Ve-
hicles that he would be eligible for a limited driving privilege upon a
first conviction of such offense notwithstanding his prior conviction
for driving under the influence.

APPEAL by petitioner from *Lupton, Judge.* Judgment en-
tered 21 July 1976 in Superior Court, STANLY County. Heard in
the Court of Appeals 18 January 1977.

This is an action by petitioner seeking judicial review of an
order of respondent Commissioner of Motor Vehicles (commis-
sioner) which seeks to revoke a limited driving privilege
granted to petitioner. The facts are not in dispute and are sum-
marized in pertinent part as follows:

On 21 February 1976 petitioner was arrested and charged
with operating a motor vehicle while under the influence of
intoxicating liquor in violation of G.S. 20-138(a), second of-
fense. His previous conviction for driving under the influence
was on 8 April 1974.

Before trial petitioner was advised by the assistant chief hearing officer of the Division of Motor Vehicles that he would be eligible for a limited driving privilege pursuant to G.S. 20-179(b), notwithstanding his prior conviction for driving under the influence, if this was his first conviction for operating a motor vehicle when the amount of alcohol in his blood was 0.10 percent or more by weight. On 3 May 1976 petitioner tendered a plea of guilty to a violation of G.S. 20-138(b) which plea was accepted by the court. The district court granted petitioner a limited driving privilege effective from 3 May 1976 to 3 May 1977, after finding as a fact that he had not previously been convicted of a violation of G.S. 20-138(b).

On 20 May 1976 petitioner was advised by the assistant chief hearing officer of the Division of Motor Vehicles that his earlier opinion was erroneous and that petitioner was not eligible for a limited driving privilege because of his previous conviction for driving while under the influence of intoxicating liquors in violation of G.S. 20-138(a). Petitioner sought and obtained a temporary restraining order which restrained the commissioner from revoking the limited driving privilege pending a determination on the merits.

The cause was heard upon a stipulation of the facts, and the trial court concluded that petitioner, because of his previous conviction of driving while under the influence of intoxicating liquor, was not entitled to or eligible for a limited driving privilege under the provisions of G.S. 20-138(b) and G.S. 20-179(b). From this determination, petitioner appealed.

*Chandler & Burris, by Gerald R. Chandler, for petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for respondent appellee.*

BRITT, Judge.

Did the trial court err in concluding that petitioner is not eligible for a limited driving privilege? We answer in the negative.

G.S. 20-138 provides that:

"(a) It is unlawful and punishable as provided in G.S. 20-179 for any person who is under the influence of intoxi-

cating liquor to drive or operate any vehicle upon any highway or any public vehicular area within this State.

"(b) It is unlawful for any person to operate any vehicle upon any highway or any public vehicular area within this State when the amount of alcohol in such person's blood is 0.10 percent or more by weight and upon conviction if such conviction is a first conviction under this section, he shall be eligible for consideration for limited driving privileges pursuant to the provisions of G.S. 20-179(b) ; provided that second and subsequent convictions under this section shall be punishable as provided in G.S. 20-179(a)(2) and (3). An offense under this subsection shall be treated as a lesser included offense of the offense of driving under the influence."

The language crucial to this appeal is that which states that upon conviction for operating a vehicle upon any highway when the amount of alcohol in a person's blood is 0.10 percent or more by weight and "if such conviction is a first conviction under *this* section (emphasis added), he shall be eligible for consideration for limited driving privileges pursuant to the provisions of G.S. 20-179(b) . . . . "

Petitioner contends that a "first conviction under this section" specifically refers to a first conviction of operating a motor vehicle on a public highway when the amount of alcohol in that person's blood is 0.10 percent or more by weight. Therefore, since this is petitioner's first conviction for a violation of G.S. 20-138(b), he urges that he is eligible for a limited driving privilege as granted by the district court.

[1] The commissioner argues that a defendant is eligible for a limited driving privilege only upon his first conviction of either offense under the quoted statute. He contends that a "first conviction under this section" means a conviction under either (a) or (b). Upon a second conviction under the statute, a defendant would be ineligible for a limited driving privilege. We agree with this argument.

In construing the quoted statute, we find it necessary to determine the intent of the General Assembly as the legislative intent is controlling in the construction of a statute. *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E. 2d 22 (1967).

The last sentence of G.S. 20-138(b) states that "An offense under this subsection shall be treated as a lesser included offense of the offense of driving under the influence." We think the use of the word "subsection" is a strong indication that the General Assembly intended (a) and (b) as separate subsections. Moreover, G.S. 20-138 was amended in 1974 by Chapter 1081, Session Laws of 1973 (Second Session 1974). Chapter 1081 provides that:

> "G.S. 20-138 as same appears in the 1973 Cumulative Supplement to Volume 1C of the General Statutes is hereby amended by designating the existing section as subsection '(a)' and by adding a new subsection to be designated subsection '(b)' and to read as follows . . . . "

In G.S. 20-138 the word "section" is used twice while "subsection" is used once. We think it is apparent from the distinctive use of the words "section" and "subsection" that the Assembly intended them to have different applications in the enforcement of this statute. We think the Assembly intended the term "section" to refer to G.S. 20-138 in its entirety while the term "subsection" refers to either G.S. 20-138(a) or (b) individually. Thus, a "first conviction under this section" is a conviction of either offense provided by the statute.

Under petitioner's contentions, an individual would be eligible for a limited driving privilege upon his first conviction of driving with a blood alcohol content of 0.10 percent or more by weight regardless of the number of convictions he might have for driving under the influence during the previous ten years. Under the normal rules of statutory construction, the language of a statute will be interpreted to avoid absurd or illogical consequences. *Person v. Garrett,* 280 N.C. 163, 184 S.E. 2d 873 (1971); *Hobbs v. Moore County,* 267 N.C. 665, 149 S.E. 2d 1 (1966). We think petitioner's interpretation of the statute would produce illogical results that were not intended by the Assembly.

[2] Petitioner also contends that his plea of guilty was tendered in good faith and in reliance upon the advice received from the assistant chief hearing officer of the Division of Motor Vehicles, therefore, the commissioner should be estopped from revoking the limited driving privilege. Although we recognize that the advice might have been given and received in good faith, we do not think that the circumstances dictate any relief

to petitioner. The interpretation given a statute by an administrative agency or official is to be given due consideration, but will not prevail when it conflicts with an interpretation given by the courts. *Faizan v. Insurance Co.*, 254 N.C. 47, 118 S.E. 2d 303 (1961). Reliance upon the advice of a hearing officer of the Division of Motor Vehicles, even in good faith, is not sufficient legal authority to give rise to any equitable relief in this case.

For the reasons stated, the judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.