BARNHILL SANITATION SERVICE, INC. v. GASTON COUNTY

No. 8727SC116

(Filed 17 November 1987)

1. **Rules of Civil Procedure § 56— summary judgment—failure to rule on motion to strike portions of affidavits**

   While it was error for the trial court to fail to rule on plaintiff's motion to strike portions of affidavits filed by defendant before ruling on defendant's motion for summary judgment, such error was not a clear abuse of discretion which precluded the plaintiff from presenting proper evidence in opposition to defendant's motion for summary judgment.

2. **Counties § 2.1— landfill fees—free use by private citizens—ordinance not arbitrary and discriminatory**

   A county landfill fee ordinance was not arbitrary, discriminatory and in excess of the county's authority under N.C.G.S. § 153A-277(a) because it allowed private citizens to use a county landfill without charge but imposed fees on all commercial, industrial and municipal haulers who use a landfill since a county's fees may vary according to classes of service, and the ordinance made a reasonable distinction based on volume of use.

3. **Counties § 2.1— landfill fee ordinance—free use by private citizens—equal protection**

   A county landfill fee ordinance did not violate the equal protection clauses of the U. S. and N. C. Constitutions because it allowed private citizens to use a county landfill without charge but imposed fees on all commercial, industrial and municipal haulers since the classification in the ordinance is rationally based on volume of use.

4. **Counties § 2.1; Taxation § 2— landfill use fees—no illegal tax**

　　Fees imposed by a county for the use of its landfill did not constitute an illegal nonuniform tax and were authorized by N.C.G.S. § 153A-292.

5. **Counties § 2.1; Constitutional Law § 4.1— county landfill fee ordinance—no standing to challenge fees to municipalities**

　　Plaintiff corporation, which operates a garbage collection business, has no standing either as a taxpayer or as an agent of a municipality to challenge the legality of landfill disposal fees imposed by a county upon municipalities.

APPEAL by plaintiff from *Gaines, Robert E., Judge.* Judgment entered 6 November 1986 in Superior Court, GASTON County. Heard in the Court of Appeals 26 August 1987.

This is a civil action wherein plaintiff seeks a declaratory judgment with respect to the constitutionality of G.S. Sec. 153A-292 and the constitutionality and validity of an ordinance enacted by Gaston County which authorizes charges of fees to commercial, industrial, and municipal haulers to use a landfill operated by defendant.

Defendant Gaston County has operated one or more landfills for the disposal of solid waste for approximately twenty years. The entire operation of the county including landfill operations is financed from total revenues that are not otherwise specifically earmarked. Revenues have not been earmarked specifically to finance landfill operations since fiscal year 1983-84 when the landfill was financed with general revenue sharing funds. Since 1965 municipalities have been charged a per capita fee for the disposal of solid waste of one dollar per person to partially defray the costs of solid waste disposal.

In 1983, the commissioners of Gaston County recognized that the development and refinement of a comprehensive solid waste disposal plan was needed because the available landfill space was rapidly depleting. Gaston County had closed two of its four available landfills since December 1982. In addition, Gaston County has restricted the use of a third landfill to residential customers because of lack of usable space, and was within several months of running out of space at the fourth and last available landfill. Among the factors to be considered in reviewing the solid waste disposal situation were the high costs associated with developing a new landfill, the potential liability associated with landfill operations and the construction of a resource recovery solid waste

burning disposal facility. A tipping or disposal fee was proposed as an alternative to the garbage problem.

On 14 March 1985, the Board of Commissioners of Gaston County approved a resolution effective 1 July 1985 authorizing the collection of landfill fees from all commercial, industrial and municipal haulers for the disposal of solid waste at Gaston County landfills at a cost of three dollars per ton. This landfill fee partially defrays the six dollars and fifty cents per ton estimated cost of disposing such waste at Gaston County's landfills at the time of the enactment of the ordinance and the estimated cost of ten dollars to twelve dollars per ton anticipated for the future. Effective with the initiation of the landfill fee, the one dollar per capita fee for municipalities was abolished. This plan assumed that new landfill sites would be identified and bought so that scales could be in place to collect fees by the ton. Delays in landfill site selection delayed scale installation and fee collections did not begin as scheduled.

In September 1985, the Board approved an alternate plan to collect fees by cubic yard. On 18 November 1985, a fee of one dollar per cubic yard volume (vehicle capacity) for all commercial, industrial and municipal haulers was effected. County residents are permitted to either put their household waste in roadside garbage collection containers ("Green Boxes") maintained by Gaston County or bring those wastes directly to the landfill in their personal vehicles without charge.

Plaintiff-appellant, Barnhill Sanitation Service, Inc. (hereinafter Barnhill), is engaged in the garbage collection business collecting garbage for individuals, businesses and municipalities. Barnhill filed its complaint, initiating the action as a class action on 11 February 1986 and filed an amended complaint on 7 April 1986. Plaintiff, in its amended complaint, alleged that the landfill disposal fee schedule, both on its face and as applied to plaintiff and the class, resulted in the levy of arbitrary, unreasonable and discriminatory rates in violation of G.S. Sec. 153A-277(a), that the landfill fee ordinance created a disposal fee which was illegal and invalid under G.S. Sec. 153A-292, that the disposal fee is a tax and lacks equality and uniformity as required by Article V, Section 2 of the North Carolina Constitution and the due process and equal protection clauses of the United States Constitution, that G.S.

Sec. 153A-292 is unconstitutional under the due process and equal protection clauses of the North Carolina and United States Constitutions because it excepts municipalities from disposal fees, thereby creating classifications favoring municipalities as opposed to citizens outside of municipalities, and that the disposal fee as enacted violates public policy. Defendant Gaston County filed its answer on 14 April 1986 and filed its answer to the amended complaint on 2 May 1986. On 2 October 1986, defendant filed a motion to dismiss pursuant to Rule 12(b)(6), a motion for summary judgment in the alternative and a motion to dismiss the action as not having been brought properly as a class action pursuant to Rule 23. In support of these motions defendant relied on the pleadings on file and the affidavits of Philip L. Hinely (Gaston County Manager), Ronald L. Courtney (Gaston County Finance Director) and Richard H. Wyatt (Director, Gaston County Engineering Department). On 8 October 1986, plaintiff filed a response to defendant's motions. On 14 October 1986, plaintiff filed motions to strike portions of the affidavits of Richard H. Wyatt and Philip L. Hinely. On 6 November 1986, the trial court granted defendant's motion for summary judgment thereby dismissing the action. From the entry of summary judgment plaintiff appeals.

*Kelso & Ferguson, by Lloyd T. Kelso, for plaintiff appellant.*

*Charles L. Moore (County Attorney, Gaston County); and Womble Carlyle Sandridge & Rice, by Anthony H. Brett, for defendant appellee.*

JOHNSON, Judge.

Plaintiff appellant brings forth four Assignments of Error. Plaintiff contends that the trial court erred in failing to rule on plaintiff's motion to strike portions of the affidavits of Richard Wyatt and Philip Hinely, granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment.

[1] Plaintiff, in its first and second Assignments of Error, contends that prior to the trial court ruling on motions for summary judgment, it was incumbent upon the trial court to rule on its motions to strike portions of the respective affidavits. More specifically, plaintiff contends that the information contained in de-

fendant's supporting affidavits prejudiced plaintiff's arguments in attacking the landfill disposal fee.

While we agree that it was error for the judge not to rule on motions to strike portions of the affidavits prior to ruling on motions for summary judgment, we find that such error was not a clear abuse of discretion so as to preclude the plaintiff from presenting proper evidence in opposition to defendant's motion for summary judgment.

"[W]here matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion." *White v. White,* 312 N.C. 770, 777, 324 S.E. 2d 829, 833 (1985). In *Sullivan v. Johnson,* 3 N.C. App. 581, 165 S.E. 2d 507 (1969), the trial court failed to rule on plaintiff's motions to strike certain portions of defendant's answer on grounds that those portions were conclusions of law or allegations of evidentiary matter, and not allegations of ultimate facts. This court held that the plaintiff, having filed his motion in apt time, was entitled to be heard thereon. (Under G.S. 1-153, now repealed, a motion to strike made in apt time was made as a matter of right.) "The right to make a motion to strike would be an empty one unless it included the right to have the motion ruled upon." *Id.* at 583, 165 S.E. 2d at 508. The reason this Court reversed and remanded that case was that in addition to the court's failure to rule upon plaintiff's motion to strike, the court had no authority to make findings of fact on controverted issues, where the record did not show the hearing of evidence, the waiver of a trial by jury, or an agreement as to the facts. In the case *sub judice,* the record reveals that the court considered all the contentions of the parties and considered all the evidence presented by the parties before ruling on the motions before it. Although it was error for the court not to rule on plaintiff's motions to strike, we find that the record shows that the trial court did not abuse its discretion.

Plaintiff in its third Assignment of Error contends that the trial court erred in granting defendant's motion for summary judgment. We disagree. "The purpose of summary judgment . . . [is] to bring litigation to an early decision on the merits without the delay and expense of a trial where it can be readily demonstrated that no material facts are in issue." *Kessing v. Mortgage*

*Corp.*, 278 N.C. 523, 533, 180 S.E. 2d 823, 829 (1971). The court is not authorized to decide an issue of fact but to determine if such an issue exists. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979). The party moving for summary judgment has the burden of proving that no genuine issue of material fact exists. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982). Once the moving party has submitted materials in support of the motion, however, the burden shifts to the opposing party to produce evidence establishing that the motion should not be granted. *Id.* at 370, 289 S.E. 2d at 366.

[2]   First, Barnhill argues that the enactment of the fee was arbitrary, discriminatory, and in excess of statutory ratemaking authority because it allowed private citizens to use the landfill without charge, while it imposed fees on all commercial, industrial, and municipal haulers who used the landfill. We find that this argument is without merit.

"Counties are instrumentalities and agencies of the State government and are subject to its legislative control; they possess only such powers and delegated authority as the General Assembly may deem fit to confer upon them." *High Point Surplus Co. v. Pleasants, Sheriff*, 264 N.C. 650, 654, 142 S.E. 2d 697, 701 (1965). Thus, any power which a county possesses must be exercised in conformity with the laws of the state. G.S. Sec. 153A-11. G.S. Sec. 153A-275 grants counties the specific power to establish and operate a public enterprise, such as a landfill for the disposal of solid waste. "A county may by ordinance or resolution adopt adequate and reasonable rules and regulations to protect and regulate a public enterprise belonging to or operated by it." *Id.* Furthermore, G.S. Sec. 153A-277(a) governs the authority of a county to fix fees:

> A county may establish and revise from time to time schedules of rents, rates, fees, charges, and penalties *for the use of* or the services furnished by *a public enterprise*. Schedules of rents, rates, fees, charges, and penalties may vary for the same class of service in different areas of the county and *may vary according to classes of service*, and different schedules may be adopted for services provided outside of the county. (Emphasis added.)

"Under this broad, unfettered grant of authority, the setting of such [fees] is a matter for the judgment and discretion of [coun-

ty] authorities not to be invalidated by the courts absent some showing of arbitrary or discriminatory action." *Town of Spring Hope v. Bissette*, 53 N.C. App. 210, 212-13, 280 S.E. 2d 490, 492 (1981).

It is clear to this Court that the county acted within its powers as authorized by G.S. Sec. 153A-277(a). It was not a levy of an unreasonable discriminatory rate to charge only commercial, industrial and municipal haulers of garbage for the use of the landfills. "Rates may be fixed in view of dissimilarities in conditions of service, but there must be some reasonable proportion between the variance in the conditions and the variances in the charges. Classification must be based on substantial difference." *Utilities Commission v. Mead Corp.*, 238 N.C. 451, 465, 78 S.E. 2d 290, 300 (1953) (citations omitted). Furthermore, a county, like

> [a] municipality has the right to classify consumers under reasonable classifications based upon such factors as the cost of service, the purpose for which the service or the product is received, the quantity or the amount received, the different character of the service furnished, the time of its use or any other matter which presents a substantial difference as a ground of distinction.

*Wall v. City of Durham*, 41 N.C. App. 649, 659, 255 S.E. 2d 739, 745 (1979).

Since the county is allowed to establish a schedule of fees according to classes of service, the class of garbage haulers, whose volume of garbage delivered to the landfill is substantially more than private citizens and, whose commercial use of the landfill is substantially more than private citizens, perfectly justifies a reasonable distinction in the fees charged. Accordingly, Gaston County has a landfill fee schedule based upon the kind of service provided and consistent with G.S. Sec. 153A-277(a).

[3] Second, plaintiff contends that the landfill fee ordinance violates state and federal guarantees of equal protection. Plaintiff's argument is essentially based on the same premise proffered in argument one, i.e., that the disposal fee is arbitrary because it is not applied to all users of the landfill since individuals and users of the Green Boxes can dump garbage free of charge. We find defendant's contention is without merit.

"The equal protection clauses of the United States and North Carolina Constitutions impose upon law-making bodies the requirements that any legislative classification 'be based on differences that are reasonably related to the purposes of the Act in which it is found.'" *State v. Greenwood*, 280 N.C. 651, 656, 187 S.E. 2d 8, 11-12 (1972), *quoting, Morey v. Doud*, 354 U.S. 457, 465, 77 S.Ct. 1344, 1350, 1 L.Ed. 2d 1485, 1491 (1957).

Courts traditionally have employed a two-tiered scheme of analysis when evaluating equal protection claims. *Texfi Industries v. City of Fayetteville*, 301 N.C. 1, 269 S.E. 2d 142 (1980). The upper tier of equal protection analysis requiring strict scrutiny of a governmental classification applies only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantages of a suspect class. (Citations omitted.) The "strict scrutiny" standard requires that the government demonstrate that the classification it has imposed is necessary to promote a compelling governmental interest. *Id.* at 11, 269 S.E. 2d at 149.

When a governmental classification does not burden the exercise of a fundamental right, or operate to the peculiar disadvantage of a suspect class, the lower tier of equal protection analysis requiring that the classification be made upon a rational basis must be applied. "The 'rational basis' standard merely requires that the governmental classification bear some rational relationship to a conceivable legitimate interest of government. Additionally, in instances in which it is appropriate to apply the rational basis standard, the governmental act is entitled to a presumption of validity." *White v. Pate*, 308 N.C. 759, 766-67, 304 S.E. 2d 199, 204 (1983).

Plaintiff has not asserted membership in a suspect class such as race, religion or alienage nor argued that the ordinance discriminates on such a basis, and we perceive no basis for doing so. Nor has plaintiff alleged that the ordinance has burdened the exercise of a fundamental personal right. There being no fundamental right or suspect class involved in plaintiff's equal protection challenges, the "rational basis" test is appropriate. The record makes clear that the landfill fee ordinance is an economic regulation aimed at providing a viable solution to the growing depletion of available landfill space for the proper disposal of garbage. The

county's classification of requiring all commercial, industrial and municipal haulers to pay a user fee, because they are the major users of the landfill, rationally furthers the purpose the county has identified as its objective in enacting the ordinance. The private citizens' use of the landfill is not commensurate with the volume of business utilized by the commercial haulers. Plaintiff contends that the county experiences no greater cost per ton in disposing of the residential waste dumped directly at the landfill by residential homeowners than in disposing of similar wastes that are either dumped directly into the landfills by citizens or dumped into Green Boxes. This argument adds no further credence to plaintiff's claim. The right to equal protection does not promise or guarantee economic or financial equality as long as the ordinance was rationally related to a legitimate governmental objective. The feasibility of the city utilizing a cost effective system to ameliorate the landfill availability problem was at issue, and was properly resolved by the landfill fee adopted by the county. The alleged economic disadvantage that plaintiff asserts is a cost it must bear. We conclude that there is a reasonable basis for the classification in the ordinance. Therefore, the classification does not violate the equal protection guarantees of either our state or the federal constitutions.

[4]   Next, plaintiff contends that the disposal fee at issue is an illegal tax. We find this contention is without merit.

While not discussed earlier, G.S. Sec. 153A-292 authorizes Gaston County to collect the fees charged for use of the landfill. The county is also authorized under G.S. Sec. 153A-292 to levy taxes to carry out the authority of this governing statute. G.S. Sec. 153A-292 provides that:

> The board of county commissioners of any county is hereby empowered to establish and operate garbage, refuse, and solid waste collection and disposal facilities, or either, in areas outside of incorporated cities and towns where, in its opinion, the need for such facilities exists. The board may by ordinance regulate the use of such garbage, refuse, and solid waste disposal facilities; the nature of the solid wastes disposed of therein; and the method of disposal . . . . The board may contract with any municipality, individual, or privately owned corporation to collect and dispose, or collect or

dispose, of garbage, refuse, and solid waste in any such area provided no county shall be authorized by this Article to levy a disposal fee upon any municipality located in that county if the board of commissioners levy a countywide tax on property which provides in part for financing such disposal facilities. In the disposal of garbage, refuse, and solid waste, the board may use any vacant land owned by the county, or it may acquire suitable sites for such purpose. The board may make appropriations to carry out the activities herein authorized. *The board may impose fees for the use of disposal facilities*, and in the event it shall provide for the collection of garbage, refuse, and solid waste, it may charge fees for such collection service sufficient in its opinion to defray the expense of collection. Counties and municipalities therein are authorized to establish and operate joint collection and disposal facilities, or either of these, upon such terms as the governing bodies may determine. Such agreement shall be in writing and executed by the governing body of the participating units of local government.

*The board of commissioners of each county is hereby authorized to levy taxes for the special purpose of carrying out the authority conferred by this section, in addition to the rate of tax allowed by the Constitution for general purposes, and the General Assembly hereby gives its special approval for such tax levies. . . .* (Emphasis added.)

A tax within the meaning of the constitutional prohibition against nonuniformity of taxation is a charge levied and collected as a contribution to the maintenance of the general government, and it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. *State ex rel. Dorothea Dix Hospital v. Davis*, 292 N.C. 147, 232 S.E. 2d 698 (1977). However, the landfill fees, like sewer service charges, "are neither taxes nor assessments, but are tolls or rents for benefits received by the use of the [landfill] . . ." *Covington v. City of Rockingham*, 266 N.C. 507, 511-12, 146 S.E. 2d 420, 423 (1966). The record reveals that the Board of Commissioners adopted landfill fees as opposed to increased property tax as the most equitable source of revenue to fund sanitary landfill costs. It is clear to this Court that Gaston County did not levy a tax, as it had the power to do, but acted pursuant to its authority under

G.S. Sec. 153A-292 to set reasonable fees for the use of its available landfills.

[5] Plaintiff next contends that the landfill fee schedule exceeds the county's statutory authority by imposing a disposal fee on municipal haulers. Defendant, in its brief, contends that plaintiff lacks standing to raise the rights of a municipality under G.S. Sec. 153A-292. Plaintiff contends that it has standing to challenge the legality of the landfill disposal fee ordinance on behalf of the municipalities subject to it (as agent of the municipality) and alternatively as a taxpayer.

For the reasons stated below, we find that the plaintiff lacks standing on either theory presented.

We first address plaintiff's allegation that it has taxpayer standing. In deciding a question on taxpayer standing, our Supreme Court in *Nicholson v. State Education Assistance Authority*, states that "[a] taxpayer, as such, does not have standing to attack the constitutionality of any and all legislation. A taxpayer, as such, may challenge, by suit for injunction, the constitutionality of a tax levied, or proposed to be levied, upon him for an illegal or unauthorized purpose." 275 N.C. 439, 447-48, 168 S.E. 2d 401, 406 (1969). Having previously determined that the disposal fee was not a levy of a tax, plaintiff cannot seek to raise the question of the validity of a tax, where there is none.

We now address plaintiff's allegation that it has standing as an agent of the municipality. Our Supreme Court in *State v. Trantham*, 230 N.C. 641, 644, 55 S.E. 2d 198, 200-01 (1949), laid down the following guidelines on the question of standing:

'Courts never anticipate a question of constitutional law before the necessity of deciding it arises.' They will not listen to an objection made to the constitutionality of an ordinance by a party whose rights it does not affect and who therefore has no interest in defeating it. (Citations omitted.)

Furthermore, in *Trantham*, the Court said:

It is not sufficient to show discrimination. It must appear that the alleged discriminatory provisions operate to the hurt of the defendant or adversely affect his rights or put him to a disadvantage. (Citations omitted.)

Barnhill Sanitation Service v. Gaston County

> When the class which includes the party complaining is in no manner prejudiced, it is immaterial whether a law discriminates against other classes or denies to other persons equal protection of the law. He who seeks to raise the question as to the validity of a discriminatory statute has no standing for that purpose unless he belongs to the class which is discriminated against. (Citations omitted.)

*Id.*

Plaintiff in its brief isolates a proviso of a sentence in G.S. Sec. 153A-292 which indicates that a disposal fee may not be levied upon any municipality in that county if the board of commissioners levy a countywide tax on property which provides in part for financing such disposal facilities. However, the entire sentence reads:

> The board may contract with any *municipality, individual,* or *privately owned corporation* to collect and dispose, or collect or dispose, of garbage, refuse, and solid waste in any such area provided *no county shall be authorized by this Article to levy a disposal fee upon any municipality* located in that county *if the board of commissioners levy a countywide tax on property which provides in part for financing such disposal facilities.* (Emphasis added.)

In order to obtain a proper interpretation of this sentence, the overall purpose of the proviso must be ascertained. In *Propst v. Railroad,* 139 N.C. 397, 398, 51 S.E. 920, 921 (1905), our Supreme Court provided the following on the purpose of a proviso:

> The general office of a proviso is either to except something from the enacting clause or to qualify or restrain its generality or to exclude some possible ground of misinterpretation of it, and usually it is not permitted to enlarge the meaning of the enactment to which it is appended, so as itself to operate as a substantive enactment. It relates generally to what immediately precedes it and is confined by construction to the subject-matter of the section of which it is a part.

This proviso makes an exception for municipalities, but not for individual or privately owned corporations. The primary rule of statutory construction is that the intent of the Legislature con-

trols. *In re Hardy*, 294 N.C. 90, 240 S.E. 2d 367 (1978). The intent of the Legislature may be ascertained from the phraseology of the statute as well as the nature and purpose of the act and the consequences which would follow from a construction one way or another. *In re Hardy, supra.* The record reveals that plaintiff is a privately owned corporation. As such, plaintiff cannot now assert the status of a municipality in order to challenge the validity of the ordinance as an agent of the municipality. To interpret the statute as plaintiff alleges would lead to an absurd result. *See, Helms v. Powell*, 32 N.C. App. 266, 231 S.E. 2d 912 (1977).

Occupying the status of a non-municipality, therefore, plaintiff is not in the class it asserts is affected by the statute. Since plaintiff is not in the class affected, it has no standing to challenge the landfill ordinance at issue under G.S. Sec. 153A-292.

The remaining two issues raised by plaintiff in its third Assignment of Error; whether a refund of fees paid pursuant to ordinances may be obtained and whether plaintiff may maintain this action as a class action, we find unnecessary to address in consideration of our previous findings.

Plaintiff's final argument cites as error the court's failure to allow plaintiff's alternative motion for summary judgment. Plaintiff contends that the only genuine issue of material fact is whether Gaston County does in fact use property tax revenues to finance disposal facilities. This argument is without merit. Plaintiff's contention on this issue rests upon its standing as a municipality under G.S. Sec. 153A-292, where the county cannot charge disposal fees to a municipality if it also levies a property tax to finance the landfill. This issue has been settled because plaintiff has no standing to challenge this ordinance under that theory.

A careful examination of the entire record discloses that no genuine issue as to any material fact exists between the parties to this action. The judgment allowing defendant's motion for summary judgment and denying plaintiff's motion for summary judgment is

Affirmed.

Judges ARNOLD and PARKER concur.