John J. Gillett Wilson County Attorney Office 201 Courthouse 600 Madison Fredonia, Kansas 66736
Dear Mr. Gillett:
As Wilson county attorney, you request our opinion as to whether Wilson county may levy a solid waste fee against real property that is exempt from real property taxes such as property used exclusively for religious or educational purposes.
K.S.A. 65-3410 authorizes counties to levy "fees and charges upon persons receiving [solid waste] service." The statute authorizes the county to "establish a schedule of fees to be imposed on real property within any solid waste service area. . . . The fees may be established, billed and collected on a monthly, quarterly, or yearly basis. Fees collected on a yearly basis may be billed on the ad valorem tax statement.
Although the fee may be added to the ad valorem tax bill this does not automatically convert the fee into a tax. "Municipal taxes are those taxes imposed by a municipality, under constitutional or statutory authority delegated to it, on persons or property within the corporate limits, to support the local government to pay its debts and liabilities, and they are usually its principal source of revenue. . . . What a tax really is is determined from its nature and not its name." McQuillan, Taxation sec. 44.02 Definitions and Distinctions.
 "Taxes are burdens of a pecuniary nature imposed generally upon individuals or property for defraying the cost of governmental functions payable into the general fund while fees are a visitation of the costs of special services upon the one who derives a benefit from them and are imposed to defray or help defray the cost of particular services." Joslin v. Regan, 406 N.Y.S.2d 938 (1983).
In a solid waste case in North Carolina, the appeals court held that "the landfill fees, like sewer service charges, are neither taxes nor assessments, but are tolls or rents for benefits received by the use of the landfill." Barnhill Sanitation Service v. Gaston, 362 S.E.2d 161
(N.C.App. 1987). However, an Alabama court held that when a city imposed a garbage collection and disposal fee that clearly exceeded the cost of such service and was being used to provide general revenue for the town that such a fee was in reality a tax. Town of Eclectic v.Mays, 547 So.2d 96 (Ala. 1989).
Therefore, if Wilson county is charging owners of property used for religious or educational purposes a fee pursuant to K.S.A. 65-3410 based on their use of the service this would not rise to the level of a tax. The statute authorizes billing such fees on the ad valorem tax statement but does not preclude other means of collecting the fee.
In conclusion, it is this office's opinion that Wilson county may charge a solid waste fee against owners of tax exempt property who receive the service, as long as the fee is to cover the costs of the service and is not to subsidize the operation of the county in general.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General
RTS:JLM:MJS:bas